## Duncan McDougall v. Jeremiah Cooper.

A complaint, alleging a mistake in fact in a former accounting, and demanding a new accounting; also, that the mistake be rectified, and that the defendant pay a specific sum; is properly for relief.

Where there has been an accounting and settlement, if it afterwards appear that a clear mistake occurred by the omission to include a considerable sum of money, an action will lie to correct such mistake and to collect such sum.

The cases of *Coon* v. *Knapp* (4 Seld., 402), and *Kellogg* v. *Richards* (14 Wend., 116), each distinguished, per Campbell, J.

In the month of December, 1847, Addison Gardner, H. F. Sickles and Jeremiah Cooper entered into an arrangement or copartnership for the purchase of a quantity of wheat and flour, and for manufacturing and selling the same. The funds were furnished by Gardner and Cooper, principally by Gardner. In February and March following, the business having been closed, Gardner and Cooper had settlements embracing the moneys paid out for purchase of the wheat and flour, and expenses attending the same, and receipts of moneys on sales made. The principal business appears to have been done by the defendant Cooper. At or not long after the last looking over of the accounts, the defendant Cooper gave to Gardner a due bill as follows:

"Due A. Gardner, on settlement of flour and wheat business, thirty-eight 76-100 dollars, value received May 8th, 1848.
"JEREMIAH COOPER."

On this instrument was the following indorsement:

"$38.76. Received, May 27, 1848, of J. Cooper, the within amount in full. ADDISON GARDNER."

Gardner afterwards became insolvent, and executed an insolvent's assignment, and by virtue of two subsequent assignments of his interest, and an assignment also from Sickles, the other partner, the plaintiff became the owner and entitled to the rights and claims of Sickles and Gardner against the defendant, sought to be enforced in this action. The trial was before a referee, who, after a review of the accounts, found

that there were errors and omissions in favor of the defendant and against Gardner amounting to $316.60, and for that amount and interest ordered judgment, which was affirmed by the Supreme Court in the sixth district, and appeal taken to this court.

The case was submitted on written points by the parties.

*B. Franklin Chapman*, for the appellant.

*Shoecraft & Snow*, for the respondent.

Campbell, J.    I do not think there is any force in the objections by the defendant that the summons is not for relief, but for the recovery of a specific sum of money.    The judgment should not be reversed for that cause if it appears from the evidence that a case for relief was made out.    The defendant had answered the complaint, and the referee in court could grant only relief consistent with the case made by the complaint and embraced within the issue. (See Code § 275, and *Marquat* v. *Marquat*, 2 Kern., 336.)    The complaint alleged that there was a mistake in fact in the former accounting, and demanded a new accounting, and that the mistake be rectified and the defendant pay a specific sum claimed to be due, namely, four hundred dollars.    The defendant plead the settlement and claimed that there was nothing due.    The real issue of fact was one clearly within the scope of the complaint and answer, namely, was there or not mistakes made in the accounting; and the principal issue of law was, admitting that there were errors, omissions or mistakes on such accounting, was not the plaintiff barred and precluded from opening the account and receiving any balance found due .by reason of such omission or mistake, by the due-bill given and receipt indorsed thereon ?

The referee found both questions in favor of the plaintiff.

The instrument signed by Gardner is nothing more or less than a simple technical receipt for so much money paid ; and the consideration of such a receipt could always be inquired into.    There was an accounting had, and so much money found due from the defendant.    For that amount — reciting

how it arose, namely, "on settlement of flour and wheat business"—defendant gave his due-bill or note. On this due-bill was indorsed, simply, received of the maker "the within amount in full;" that is, the payee acknowledged to have received the full amount of the note or due-bill. I do not see how, by any fair interpretation, any other or different meaning can be gathered from the due-bill and receipt. But were it otherwise, and if we construe it to mean that Gardner had received the money in full of the balance found due him on settlement of the wheat and flour business, it would not preclude Gardner or his assignee from showing that there was a clear mistake made in such settlement; a considerable sum of money, which should have been charged to the defendant, having been omitted from the account rendered by mistake. It might change the burthen of proof, and compel the plaintiff to show that mistake, but would not preclude his recovering if he succeeded in showing that such mistake was made.

The cases of *Coon* v. *Knapp* (4 Seld., 402), and *Kellogg* v. *Richards* (14 Wend., 116), have no application to this case. There was no mistake pretended or alleged in these cases. Both were cases of compromise—one for injuries received by the upsetting of a stage; the other, giving up a note of the defendants, and receiving in full, by way of compromise, a smaller note of third parties. In both, there was something more than receipts. There were virtual contracts, reduced to writing; and efforts were made in both cases to show that there were understandings, agreements or conditions outside of these written contracts, and not reduced to writing, upon which the plaintiffs relied.

But I think the referee allowed the plaintiff too much. He finds that, the funds having been furnished by Gardner, and the accounting showing that there were errors in favor of the defendant, against Gardner, for $316.60, he therefore orders judgment in favor of plaintiff, as Gardner's assignee, for that amount, with interest and costs. But defendant was more than the agent of Gardner. He was partner in the transactions, and the funds furnished by Gardner appear to

have gone into the partnership account. When, on a final settlement, there was a balance found in the hands of the defendant, that amount was assets in his hands belonging to the partnership. As partner, the defendant himself was entitled to one-third of such balance. The judgment should have been for two-thirds of $316.60, together with interest and costs. This objection does not appear to have been distinctly raised in the bill of exceptions and case, and was probably overlooked at the General Term of the Supreme Court. It is now distinctly presented by defendant's points, and I think the judgment should be modified by a deduction of the one-third of the amount found due, and affirmed for the balance, with interest. If the judgment is thus modified, there can be no costs on this appeal to either party.

DAVIES, PORTER, DAVIS and BROWN, JJ., concurred.

DENIO, Ch. J. This action was brought to open a settlement of a partnership transaction, and to recover of the defendant a sum of money claimed to be due to the plaintiff upon a rectification of the alleged errors. The partners were the defendant and Addison Gardner and Hiram F. Sickles; each being interested in one-third of the profits. The plaintiff is the assignee of the two last named partners, and seeks to recover what would have been due to them, or either of them.

The partnership enterprise consisted in the purchase of a particular quantity of wheat, manufacturing a part of it into flour, and selling the flour thus manufactured and the residue of the wheat. There was connected with it the purchase and sale of about two hundred barrels of manufactured flour, which came by boats, and is called in the case "canal flour." The business commenced in December, 1847, and was finished on or prior to February, 1848, and in the last mentioned month an adjustment took place, when it was found that profits had been made to the amount of $316.09, of which the share of each partner would be $105.36. It was also found that there remained in the defendant's hands, of the moneys of the concern, $91. An arrangement was had

between Sickles and Gardner, by which the latter became entitled to the rights and interests of the former in the business. In March following, a settlement took place between Gardner and the defendant, representing Sickles' interest as well as his own, of which a written statement was made and mutually assented to, which embraced the aforesaid balances of the partnership dealings and other accounts, and which, including a small sum of money paid by the defendant, balanced the respective claims of Gardner and the defendant. It was assumed, on the trial, that neither the adjustment in February, nor this settlement in March, embraced the accounts respecting the canal flour, on which there was eventually a loss to the concern of between one and two hundred dollars.

Soon after these transactions, Gardner became insolvent, and his property was assigned to N. S. Graves, under the insolvent act. He, as the assignee, sold the assets of Gardner by a transfer, embracing, in general language, all his property, to two sisters of Gardner, and they, by an instrument expressing a nominal consideration, transferred their interests in the subject to the plaintiff. He also took from Sickles a transfer of his interest in the partnership concern for a nominal consideration.

Gardner, who was the principal witness for the plaintiff, gave evidence tending to show that, in the adjustment in February, the results of which were carried into the settlement of March, an item of two hundred and fourteen bushels of the partnership wheat, which the defendant had sold to one Parmelee in December, 1847, and for which he had received payment to the amount of $270.31, had, by mistake, been omitted to be charged to the defendant. The omission of this item was the principal error claimed to exist in the accounting. Gardner testified that he did not discover the error until 1850, after the title to his property had become vested in his sisters.

The defendant proved, and gave in evidence, a due-bill and receipt, in the following words:

"Due A. Gardner, on settlement of flour and wheat business, thirty-eight 76-100 dollars, value received.     May 8, 1848.
                    "JEREMIAH COOPER."
[Indorsed thereon] "Received, May 27, 1848, of J. Cooper, the within amount, in full.     ADDISON GARDNER."

Before the production of these papers, Gardner had testified that he did not recollect the giving of any such note or receipt, or that he had ever settled with the defendant the account of the canal flour.  After they had been produced, he was examined to show that the note was given for the defendant's share of the loss upon the purchase and sale of the canal flour, and that nothing else was settled or accounted for on that occasion.  The defendant's counsel objected to this evidence, insisting that the contents of the note could not be contradicted by parol, and that the note and receipt, taken together, were evidence that all the partnership accounts had been fully adjusted.  The referee overruled the objections, the defendant excepting, and Gardner thereupon swore positively that the adjustment then made, and for which the note was given, was confined to the loss on the canal flour.  The defendant, who was examined on his own behalf, swore with equal positiveness that the account of the wheat sold Parmelee, which had been omitted in the February and March settlements, was then brought in and accounted for; that he then paid Gardner a considerable sum of money; and that the note was given as a final close of the whole matter. There was also produced a paper, in the handwriting of Gardner, showing that, as late as 1852, he claimed that the loss on the canal flour had never been adjusted, and that the defendant was still indebted to him for his part of that loss.

The principal question of law arising upon the case relates to the admissibility of the parol evidence to qualify the effect of the note of May 8, 1848.  In terms, it covers the transactions respecting the partnership in buying, manufacturing and selling wheat and flour, as well as the selling of the flour called the canal flour, and it professes to be a settlement of both transactions.  It is not alleged that there was any fraud

made use of in inserting that language, but simply that the settlement referred to was limited to the canal flour. The evidence admitted was clearly hostile to the terms and legal effect of the papers; and, if the question arose upon any other instrument than a receipt, it would be a violation of a very familiar rule of evidence to allow it to be thus contradicted. The note, and receipt of its payment, taken together, do in fact amount to a receipt in full for the subject mentioned in the note. It is very much like the case of a person giving his check on a bank payable to the order of his creditor, and expressing on its face that it was given on a particular account or for a particular indebtedness. When such a check is paid at the bank, the drawer holds it as his voucher for the payment of the indebtedness mentioned in it. The question is, whether it possesses the immunity against parol evidence and the slippery memory of witnesses which the law attributes to other written evidence. It imports, in the present case, something more than that Gardner had received of the defendant the sum of money mentioned. It affirms that there had been a settlement between the parties; that such settlement embraced their wheat business as well as their dealings in flour, and that the sum agreed to be paid, and which was afterwards paid, was the balance found due on that settlement. It contains the results of an account stated, and the subjects which that account embraced. I think it cannot be contradicted by parol evidence in respect to the subjects included. The case of *Coon* v. *Knapp* (4 Seld., 402), is not, I think, distinguishable from the present. The plaintiff had been injured by the overturning of the defendants' stage-coach, and she brought an action on the case for negligence. The defendants soon after settled with her, taking her receipt for $40, expressed to be in full for the damages done to her by the stage accident. At the Circuit the plaintiff was permitted to prove, in effect, that the agreement was, she was to have the $40 if her injuries were not of a more permanent character than they then appeared to be, and that she gave the receipt under that agreement, but that in fact her injuries were of a more permanent character, and she recovered

a considerable verdict. This court reversed the judgment, holding that the paper was something more than a receipt; that it was written evidence of the satisfaction of the entire claim which she had against the stage proprietors for their misfeasance. In *Kellogg* v. *Richards* (14 Wend., 116), the receipt was written on the back of a note for $1,627.44, which the plaintiffs held against the defendants, and it acknowledged that the plaintiffs had received the note of a third person " as a compromise for the full payment" of the principal note. The plaintiffs offered to prove that the real agreement was that they were to have a further sum which, with the collateral note, would make one dollar on a pound of the original debt. It was excluded; and the ruling was held to be correct. The court considered that the indorsement contained more than a receipt; that it was an agreement for a compromise, and was not subject to be modified by parol evidence. In the case before us, the receipt is the evidence of an agreement by which the multifarious accounts of the parties were adjusted at a given sum, and it was not competent to show by parol that one of the subjects which, by the terms of the paper, were embraced in that settlement, were not in fact embraced in the real agreement.

It may be said that the defendant had, in his evidence, gone into the parol arrangement, and had given his version of it, and that Gardner, the other party, should have the like liberty. But the defendant's evidence was not objected to; and, besides, it was in harmony with the paper, while that of Gardner was in hostility to it.

I do not perceive upon what theory the referee could have reported the whole amount of $316.50 against the defendant. It consisted of the $270.31 for the money which the defendant had received of Parmelee; $38 which had been credited to the defendant for money paid by him to a bank over and above the money actually paid; and $8.36 for some miscalculation in ascertaining the profits. If the two first mentioned of these items had been brought in and accounted for, the profits of the concern would have been something more than $300 more than they were found to be, and the defend-

ant would have been entitled to retain one-third of that sum; and he should, in this action, have been compelled to pay only two-thirds of these increased profits; instead of which, the report and judgment are for the whole amount, with interest.

I am in favor of reversing the judgment appealed from, and ordering a new trial.

Judgment affirmed, deducting one-third of the amount without costs to either party.