BRYCE & LYMAN V. G. W. JONES ET AL.

1. Counter-affidavits controverting the allegation of due diligence in obtaining the testimony of witnesses will be heard on application for the second or third continuance.

2. It is not a sufficient excuse for failure to obtain an attachment for a witness, that his fees had not been tendered; and as an attachment is necessary to enforce the attendance of the witness neglecting the subpœna, it follows that it is necessary to show the tender to the witness of his fees, upon application for continuance on account of his absence.

APPEAL from Bastrop. Tried below before the Hon. J. P. Richardson.

The only point noticed in this case is the action of the court below upon the application by appellants, who were plaintiffs below, for a continuance.

On April 5, 1871, plaintiffs presented their application for continuance, as follows:

"Now come plaintiffs and say, that they cannot go safely to trial of this cause for the want of the testimony of A. P. Swisher, a witness for plaintiffs, who resides in the said county of Bastrop and State of Texas. Plaintiffs would further represent that the testimony of said Swisher is material to the case to aid plaintiffs in the maintenance of their suit. Plaintiffs would further represent that they have used due diligence to procure the attendance and testimony of the said Swisher, in this, that they caused subpœnas to be issued for the said Swisher, and served upon him at the following dates, to-wit: April 23, 1869; December 14, 1869; March 22, 1871; said subpœnas being on file and made a part of this affidavit and hereto attached; and that the said witness has been in attendance at every term of said court up to the present term of the same. Plaintiffs would further state that the said Swisher is not absent with the consent or at the contrivance of plaintiffs, and that they expect to procure his

attendance at the next term of this court. Plaintiffs would further state that they do not know why the said Swisher is not in attendance ; that this their first application for a continuance is not made for delay ; wherefore plaintiffs pray that this cause be continued until the next term of this court.

"W. M. BRYCE.

"Sworn to and subscribed," etc.

The continuance was resisted, and Moore, one of the defendants, filed his affidavit as follows :

"And now comes the defendant, Moore, who resists the application for continuance made by plaintiffs on account of the absence of the witness, Swisher, and says that this cause was regularly reached in its call upon the docket yesterday at 12 o'clock ; this witness was then absent and in contempt of the court, and this within the knowledge of the plaintiff, Bryce, and his attorney, J. D. Sayers ; that said case was postponed upon request by plaintiff till 9 o'clock this morning ; that it was the duty of plaintiff to take other and different modes of compelling the attendance of said witness, instead of relying upon said subpœna or order to continue said cause. That said witness resides about ten miles from the court house, so this defendant is informed and believes.

"L. W. MOORE.

"Sworn to and subscribed," etc.

By leave of the court the plaintiff filed an additional affidavit, as follows :

"With leave of court, now come plaintiffs and say, that on yesterday, since 12 o'clock, one of the plaintiffs, W. M. Bryce, went to the residence of the said witness, A. P. Swisher, for the purpose of securing his attendance, so that there might not be a failure of trial in consequence of his absence, and for the purpose of tendering said

witness his fees, and requesting said witness to be present upon the trial of this cause.

"When called this morning plaintiff further states, that the said Swisher was not at home when the said Bryce went to see him yesterday, and could not be found. Plaintiff further states, that the said Swisher did, on Friday last, the thirty-first day of March, 1871, during the term of this court, and before this case was ever reached or called, promise plaintiff that he would not fail to be present and testify as commanded to do by the subpœnas served upon him as aforesaid. Plaintiffs state that the said Bryce remained at the residence of the said Swisher until after dark on yesterday, waiting for him to return home, but said Swisher did not come. Plaintiff would further state, that he left word with the said Swisher's wife to tell the said Swisher to be certain to be in attendance upon the court by 9 o'clock A. M. of to-day. Plaintiffs would further represent, that the said Swisher resides about ten miles from this place. Plaintiffs deny that they ever agreed to try this case absolutely on to-day; but the postponement was merely for the purpose of having their attorney present to attend to the case when called.

"W. M. BRYCE.

"Sworn to and subscribed," etc.

The application for continuance was overruled, and judgment was rendered for the defendants.

The plaintiffs below appealed.

*J. D. Sayers* and *Terrell & Walker*, for appellants.

*L. W. Moore, Sheeks & Sneed,* and *J. B. Morris*, for appellees.

· WALKER, J.—In the case of Hyde v. The State, 16 Texas 453, Mr. Justice Wheeler elaborately reviewed the

authorities, and laid down the rule that counter-affidavits are admissible to disprove due diligence.

We have long felt the necessity of the application of this rule in second and subsequent applications under our statute. If the affidavit for continuance remains uncontradicted, it forces the court to a continuance of the cause in many cases where the suspicion of bad faith and want of diligence is irresistible.

After the postponement of the cause in this case from 12 o'clock until the sitting of the court on the following day, the party demanding the witness should have resorted to an attachment. But the fees of the witness had not been tendered, it will be answered. This is not a good answer to the objection, for if the party wishes to avail himself of all the necessary process of the court to bring in his witnesses, he should place himself in a condition so to do, and if he cannot have an attachment without first tendering the witness fees, the fees should be tendered. (See Article 3720, Paschal's Digest.) This article is analogous to the statute of 5th Eliz., C. 9, Sec. 12; and we believe the rule we now lay down is strictly in accordance with the practice of the English courts under that statute. (1 Greenleaf, Sec. 310; 2 Phil. Ev., 370.) After a careful examination of this case, we think our former opinion was correct, and we affirm it.

AFFIRMED.