## Charles E. Lawrence et al., Respondents, *v.* The American National Bank, Appellant.

Negligence upon the part of one, who, by mistake, pays to another a sum of money, to which the latter is not entitled, does not defeat the right of action of the former to recover back the money so paid.

Plaintiffs being indebted to P., on account, made out a statement of the account and paid the balance shown to be due to defendant, the assignee of P. By mistake they omitted to charge P., in this statement, with $5,000, money loaned, and so overpaid the defendant that amount, with interest. The assignment to defendant was to secure an indebtedness of P., for which indebtedness the firm of W., G. & Co. was bound as security. After the receipt of the money from plaintiffs, which was credited by defendant to P., the balance of the latter's indebtedness was paid by W., G. & Co., and a release obtained by them. In an action to recover

back the money so paid by mistake; *held*, that negligence on the part of plaintiffs in making the mistake, did not deprive them of their remedy; nor was the fact of the subsequent settlement and discharge of W., G. & Co. an answer to their claim; that defendant having executed the discharge by mistake, could avoid the same and resort to them for so much as it is compelled to pay plaintiffs herein; that the doctrine of estoppel did not apply, and that plaintiffs were entitled to recover.

(Argued June 16, 1873; decided September term, 1873.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial district, affirming a judgment in favor of plaintiffs entered upon the report of a referee.

This action was brought to recover money alleged to have been paid by plaintiff to the defendant by mistake. The following facts appeared upon the trial.

In November, 1865, Alfred A. Post opened an account with plaintiffs, as his brokers, for the purchase and sale of stocks, and deposited with them as security or margin various sums, making a total of $26,000. December 1, 1865, the plaintiffs returned, or loaned to said Post, for temporary use, on and from his said account, $5,000, which sum was entered by the plaintiffs' book-keeper in their books under "Loan Account," but by mistake was not charged in account against said Post, or credited to the plaintiffs. January 13, 1866, Post assigned his interest in his said account with plaintiffs to the defendant, as collateral security for an indebtedness to defendant. May 7, 1866, the plaintiffs made up a statement of their account with Post, by which there appeared to be a balance due from them to Post of $10,643.20; and the parties mutually believing said account and balance to be correctly stated, the plaintiffs paid said sum of $10,643.20 to the defendant, as assignee of said Post. The said sum of $5,000 was neither charged in said account to Post, or credited to plaintiffs. By reason thereof the plaintiffs overpaid the defendant the sum of $5,139.23. The plaintiffs having discovered the error on balancing their books a few weeks afterward, rendered a corrected statement of account, and called on the defendant to

return the money. January 18, 1866, Wilson, Gibson & Co. became bound for the payment of Post's indebtedness to the defendant, which they paid after the sum so paid by plaintiff was applied thereon, and obtained a release from the defendant.

There is no evidence that the plaintiffs made any representations to the defendant, or had any knowledge of the agreements or relation between the defendant and Wilson, Gibson & Co. November 30, 1866, Wilson, Gibson & Co. paid the plaintiffs $2,500, on account, of their claim against the defendant, by reason of such over-payment. This action was brought to recover the balance.

*Brown & Estes* for the appellant. Defendant is not liable within the rule, that as between two innocent persons, that one must lose who commits the error. (*Hern* v. *Nicholas*, 1 Salk., 289 ; *Mech's* v. *B. and D. Bk.*, 16 N. Y., 133.) Defendant having settled upon plaintiffs' statement, the latter are estopped from showing its incorrectness after the discharge by defendant of its security for the payment of Post's indebtedness. (*Dezell* v. *Odell*, 3 Hill, 215; *Tuscott* v. *Davis*, 4 Barb., 495 ; *Done* v. *Schult*, 2 Den., 621; *Bk. of Geneva* v. *Patchen Bk.*, 3 Kern., 316 ; 19 N. Y., 312; 36 id., 335 ; *Canal Bk.* v. *Albany Bk.*, 1 Hill, 287.)

*John D. Taylor* for the respondents. Plaintiffs having, upon mutual mistake and in ignorance of the facts, paid the money to defendant, they can recover it back. (*Utica Bk.* v. *Van Gieson*, 18 J. R., 485 ; *Burr* v. *Veeder*, 3 Wend., 412 ; *Wheadon* v. *Olds*, 20 id., 174 ; *Canal Bk.* v. *Albany Bk.*, 1 Hill, 287; *McDougall* v. *Cooper*, 31 N. Y., 498 ; *Kingston Bk.* v. *Eltinge*, 40 id., 391 ; *U. Nat. Bk.* v. *Sixth Nat. Bk.*, 43 id., 452 ; *Duncan* v. *Berlin*, 46 id., 685 ; *Boyer* v. *Pack*, 2 Den., 107 ; *George* v. *Tallman*, 5 Lans., 392.) It is no defence that plaintiffs had the means of ascertaining the truth, or that they may have omitted to use care and vigilance by which the mistake might have been avoided. (*Kingston Bk.*

v. *Eltinge*, 40 N. Y., 391; *U. Nat. Bk.* v. *Sixth Nat. Bk.*, 43 id., 452; *Duncan* v. *Berlin*, 46 id., 685; *Kelly* v. *Solari*, 9 M. & W., 54; *Lucas* v. *Warwick*, 1 M. & R., 296; *Townsend* v. *Crowdy*, 8 C. B. [N. S.], 476; *Dails* v. *Lloyd*, 12 Q. B., 53; S. C., 12 A. & E., 531; *Bell* v. *Gardner*, 4 M. & G., 11, 24.) Post's assignment to defendant did not affect plaintiffs' right to recover for the over-payment. (*Andrews* v. *Gillespie*, 47 N. Y., 487.) Defendant's release to Wilson, Gibson & Co. being founded on a mistake of facts, can be set aside. (*Wheadon* v. *Olds*, *McDougall* v. *Cooper*, *supra*; *Hore* v. *Becher*, 12 Sim., 465; S. C., 35 Eng. Ch. R., 393; 1 Story's Eq. Jur., § 142.) It is no defence that defendant's release to Wilson, Gibson & Co. may be irrevocable. (*Canal Bk.* v. *Albany Bk.*, *Kingston Bk.* v. *Eltinge*, *supra*; *Rheel* v. *Hicks*, 25 N. Y., 289; *Bk. of Com.* v. *Union Bk.*, 3 Comst., 230; *Poole* v. *Ray*, 1 P. W., 555; 1 Story's Eq. Jur., § 91.)

EARL, C.  On the 7th day of May, 1866, the plaintiffs made up a statement of their accounts with Post, which showed that there was a balance due to him of $10,643.20, and this sum they paid to the defendant as his assignee. When they made this statement, by mistake, they omitted to charge Post with $5,000, which they had loaned him, and hence they overpaid the defendant the amount of this sum, with interest. This mistake was unknown to them, and was manifestly unknown to the defendant. Both parties must have supposed that the amount paid by the plaintiffs was the amount due, and hence there was a mutual mistake. These facts furnish good ground of recovery by the plaintiffs unless certain other facts furnish the defendant with a defence. (*The Kingston Bank* v. *Eltinge*, 40 N. Y., 391; *Union National Bank of Troy* v. *Sixth National Bank of N. Y.*, 43 N. Y., 452; *Duncan* v. *Berlin*, 46 N. Y., 685.)

It is claimed that it was plaintiffs' mistake, and that they had the means in their possession at the time of the payment for the discovery of the mistake, and that they were negli-

gent in not discovering it. The authorities above cited show that negligence in making a mistake does not deprive a party of his remedy on account thereof. It is the fact that one by mistake unintentionally pays money to another to, which the latter is not entitled from the former, which gives the right of action, and the fact that the mistake occurs through negligence does not give the payee any better or the payer any worse title to the money.

It is further claimed that the defendant settled with Wilson, Gibson & Co., who were sureties for Post's liability to it, and that upon such settlement they were credited with the entire amount paid to it by the plaintiffs, and discharged, and hence, that it has been damnified by the mistake caused by the plaintiffs. The authorities above cited show that this is no answer to plaintiffs' claim. Unless the plaintiffs could recover of the defendant, they seem to have been without any remedy, as Post was insolvent. On the contrary, the defendant having discharged Wilson, Gibson & Co. from their liability by mistake, can avoid the discharge and resort to them for so much as it is compelled to pay to the plaintiffs in this action. Hence it is not clear that the defendant will suffer any damage on account of plaintiffs' mistake. (*Wheadon* v. *Olds*, 20 Wend., 174; *McDougall* v. *Cooper*, 31 N. Y., 498.)

The doctrine of estoppel cannot be applied to this case. The plaintiffs, so far as appears, knew nothing about the relations between defendant and Wilson, Gibson & Co.; they made no representation or statement to induce the defendant to act; they simply paid by mistake $5,000, and interest, more than they ought to have paid. The doctrine of *estoppel in pais* is founded upon equitable principles, and is applied to prevent fraud and injustice. It would be a very singular and extraordinary application of the doctrine to apply it for the purpose of preventing a party from alleging an innocent mistake. I cannot find that a party has ever been estopped by a mistake.

I am, therefore, of the opinion that the case was properly decided in the courts below, and that the judgment should be affirmed, with costs.

All concur.

Judgment affirmed.