TEXAS TRANSPORTATION CO. V. HYATT & HENNING.

(Case No. 1022.)

1. CONTINUANCE — PRACTICE. — The rule that an application for continuance will not be regarded when made by a defendant who has interposed no defense except a general denial, is limited to cases in which the general denial constitutes no defense. Where, under a general denial, the defendant would be allowed to introduce rebutting evidence, it is sufficient to authorize the consideration of an application for continuance.
2. CONTINUANCE. — It is not the general rule, that, on a first application for continuance, the application must show that the fees of the absent witnesses have been tendered.
3. CASE DISCUSSED AND LIMITED. — Bryce & Lyman *v.* Jones, 38 Tex., 205, discussed, and the doctrine there announced limited.

ERROR from Harris. Tried below before the Hon. James Masterson.

Hyatt & Henning brought this suit October 3, 1877, against plaintiff in error, for $3,311.19 and interest; $657 of the amount sued for being the balance due upon the

contract sued on, alleged to have been entered into on the 9th day of April, 1876, between plaintiffs and the defendant, acting by and through its agent, E. W. Cave, for the construction of a wharf at Clinton, on Buffalo bayou, in Harris county, for which defendant contracted to pay them $5,300.

Defendants filed November 2, 1877, a general demurrer and a general denial.

On the 12th of November, 1877, defendant filed application for continuance as follows, which was overruled:

"Now comes the defendant, and says it cannot go safely to trial at this term of the court, because of the absence of testimony material to its cause, to wit, the absence of the witnesses, J. W. Goodwin and S. W. Allen. Affiant states that it has used due diligence to procure the testimony of these witnesses, in that it caused a subpœna to be issued for said witnesses out of the district court of Harris county, on the 11th day of October, 1877, and the same was placed in the hands of the sheriff of Harris county, Texas, by whom it is returned on the 29th day of October, 1877, 'served on all said witnesses except Charles Pearce,' to which subpœna, now on file among the papers of this cause, reference is had for greater certainty. That said witnesses reside in Harris county, Texas, and that this defendant expects to procure their testimony by the next term of this court; that they are not absent by the procurement or consent of this defendant, and this application is not made for delay, but that justice may be done, and that their testimony is material to the defense of this cause.

"E. W. CAVE, Agent.

"Sworn to and subscribed before me, this 12th day of November, 1877.           J. BURKE, Jr.,

"Clerk D. C. H. Co."

*Hutcheson & Carrington*, for plaintiff in error.

*W. P. Hamblen,* for defendant in error.

I. A general denial is not an "answer," and is not sufficient to support a first application for a continuance in the case at bar. Fowler *v.* Buckner, 23 Tex., 84.

II. Defendants in error here maintain that no diligence is shown, unless it is shown that the fees were tendered to the witnesses, and that the witness is not under the control of the party nor of the court until such tender is made. Pasch. Dig., art. 3720; Henly *v.* Lytle, 5 Tex., 419; Bryce & Lyman *v.* Jones, 38 Tex., 205; Bouvier's Law Dic., title "Subpœna."

Gould, Associate Justice.— Hyatt & Henning sued the Texas Transportation Company for a balance due on an alleged contract for the construction of a wharf, for the reasonable worth of extra work on the wharf, alleged to have been done at the request of defendant, and for damages for delays, etc., alleged to have been caused by defendant. The defendant having pleaded a general demurrer and general denial, filed an application for a continuance, which was overruled by the court.

The first question presented is, whether the pleadings of defendant were sufficient to enable it to claim a continuance. In support of the ruling of the court appellee cites the case of Fowler *v.* Buckner, 23 Tex., 84, where the action was on a promissory note, and it was held that, the general denial constituting no defense, the continuance was rightly refused. In the present suit the general denial did constitute a defense, under which the defendant might have introduced evidence rebutting plaintiffs' evidence of performance of their contract, of extra work done and its reasonable worth, and of damages as alleged. We are of opinion that the pleadings of defendant were sufficient to enable it to demand a continuance on a proper showing.

But the further question is presented, whether defendant, seeking a first continuance, failed to show diligence,

in that it failed to show a tender of their fees to the absent witnesses. The court in signing the bill of exceptions refers to the case of Bryce & Lyman *v.* Jones, 38 Tex., 205. In that case it was made to appear, by counter affidavits, that the case had been regularly reached on the preceding day when the absence of the witnesses became known, and at the request of plaintiffs the case was put off until the next day. The court held that the plaintiffs should have resorted to an attachment, and not having placed themselves in a condition to do so by tendering the witnesses their fees, they were wanting in diligence. The facts of that case were peculiar, and the *decision* does not necessarily involve the rule, that in ordinary cases a first application for a continuance must show that the witness fees were tendered. It is not believed that such a rule has heretofore prevailed in practice, and in our opinion the court erred in enforcing it.

The application for a continuance was sufficient, and it was error to refuse it.

After examining to some extent the other questions presented, we have not thought it necessary to pass upon them, the case otherwise being mainly one of fact.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered January 18, 1881.]