*C. E. Gast* and *John M. Waldron,* for relator.
*Fred. Betts, per se.*

------------→ • ◄------------

## MEREDITH *v.* HAINES.

*(Supreme Court of Pennsylvania, March 3, 1884.)*

1. ASSUMPSIT—MISTAKE OF FACT—RECOVERY OF MONEY.   Money paid by the plaintiff under a *bona fide* forgetfulness of facts which disentitled the defendant to receive it may be recovered back; it is not sufficient to bar a recovery of money paid under a mistake of fact, that the plaintiff had the means of knowledge of the fact, unless he paid it intentionally not choosing to investigate the facts.

2. IBID—INDORSER—RETURN OF MONEY PAID BY MISTAKE TO THE INDORSEE.   Where an indorsee of a note payable at a bank received from the bank, payment thereof, the bank officers being under the impression that the maker had on deposit sufficient funds to meet the note, and on the same day the bank having discovered its mistake and demanded the money back, repaid it, *Held,* that the indorser was not discharged from liability to the indorsee.

On the trial before Futhey, P. J., without a jury, the facts were found as follows:   The plaintiff held a note of one Chambers payable at the National Bank of Chester county; this note was indorsed by the plaintiff to the defendants, who were bankers, with whom the plaintiff had an account, and the proceeds placed to his credit.   The note matured on a Saturday, and by direction of the plaintiff the defendants held it until the Tuesday following without presentation or protest.   On Tuesday it was presented at the National Bank and paid; about three o'clock on the same day the National Bank discovered that Chambers had not had sufficient money with it on deposit to meet the note, and that it had been paid under a

mistake as to the state of his account. The bank without delay sent back the note, and the plaintiff refunded the money paid thereon. On the same day Chambers made an assignment for the benefit of creditors. The defendants charged the amount of the note against the plaintiff's account with them. The plaintiff then drew a check on the defendants for the said amount, and payment being refused an amicable action was brought. The plaintiff submitted as points, 1, that the note in question on being discounted became the property of the defendants, and the moment it was paid by the maker, or at the bank at which it was payable, the plaintiff or indorser was released, and the defendants could not charge the amount of the note to the plaintiff's account; 2, that when the defendants were paid the note, any acceptance by them of the note again and a return of the money paid did not confer upon them a right to charge it to the plaintiff's account but was at their own risk and option. Futhey, P. J., entered judgment for the defendants, and the plaintiff took this writ.

TRUNKEY, J., in delivering the opinion of the Court, said: That money paid under a mistake of fact may be recovered back is so authoritatively settled that the principle is not controverted by the plaintiff. He seems to think that some duties rested on Haines & Co., as bankers, by which they could hold the money, after getting it in their hands, even if another person could not, but he has not shown their superior rights. Money paid by the plaintiff to the defendant under a *bona fide* forgetfulness of facts which disentitled the defendant to receive it may be recovered back; it is not sufficient to prevent a party from recovering money paid by him under a mistake of fact that he had the means of knowledge of the fact, unless he paid it intentionally not choosing to investigate the facts. (*Kelly* v. *Solari*, 9 M. &. W., 54.) That was a case where the directors of a life insurance company had been informed that the policy was forfeited in the lifetime of the insured, and after his death, having forgotten the fact, paid the money on demand of the administratrix. Where the plaintiffs having an account with Post made up a statement showing a balance due Post of $10,643.10, which they paid to the defendant, assignee of Post, and afterwards discovered that they had omitted to charge Post with $5,000 loaned to him, it was held that they

were entitled to recover. The defendant claimed that the plaintiffs were negligent, and had the means of discovering the mistake at and before the time of payment; but the Court remarked, "Negligence in making a mistake does not deprive a party of his remedy on account thereof." It is the fact that one by mistake unintentionally pays money to another to which the latter is not entitled from the former which gives the right of action. *Lawrence* v. *American National Bank*, 54 N. Y., 432.

Chambers did not pay the note. The National Bank did not intend to advance the money for him or to pay it with its own money. Nothing was owing on the note by that bank to either of the parties in this action, and neither has been hurt by the voluntary correction of the mistake.

*Judgment affirmed.*