Trunkey, J.,
in delivering the opinion of the Court, said: That money paid under a mistake of fact may be recovered back is so authoritatively settled that the principle is not controverted by the plaintiff. He seems to think that some duties rested on Haines & Co., as bankers, by which they could hold the money, after getting it in their hands, even if another person could not, but he has not shown their superior rights. Money paid by the plaintiff to the defendant under a bona fide forgetfulness of facts which disentitled the defendant to receive it maybe recovered back; it is not sufficient to prevent a party from recovering money paid by him under a mistake of fact that he had the means of knowledge of the fact, unless he paid it intentionally not choosing to investigate the facts. (Kelly v. Solari, 9 M. &. W., 54.) That was a case where the directors of a life insurance company had been informed that the policy was forfeited in the lifetime of the insured, and after his death, having forgotten the fact, paid the money on demand of the administratrix. Where the plaintiffs having an account with Post made up a statement showing a balance due Post of $10,643.10, which they paid to the defendant, assignee of Post, and afterwards discovered that they had omitted to charge Post with $5,000 loaned to him, it was held that they *709 were entitled to recover. The defendant claimed that the plaintiffs were negligent, and had the means of discovering the mistake at and before the time of payment; but the Court remarked, “Negligence in making a mistake does not deprive a party of his remedy on account thereof.” It is the fact that one by mistake unintentionally pays money to another to which the latter is not entitled from the former which gives the right of action. Lawrence v. American National Bank, 54 N. Y., 432.
Chambers did not pay the note. The National Bank did not intend to advance the money for him or to pay it with its own money. Nothing was owing on the note by that bank to either of the parties in this action, and neither has been hurt by the voluntary correction of the mistake.

Judgment affirmed.