### W. H. BARTH v. JESTER BROS.

(No. 2375.)

APPEAL from Navarro County. Opinion by WHITE, P. J.

CROFT & BLANDING, counsel for appellant.

SIMKINS & NEBLETT, counsel for appellees.

§ 222. *Continuance; application for, held sufficient; case stated.* Appellees sued appellant to recover $250, alleged to have been paid to him by them through mis-

take, and they recovered judgment therefor. The money was paid appellant in discounting a check which he presented at appellees' bank. Appellant testified that he did not count the money received by him, but handed the same to a third party to count and divide equally between appellant and his partner in business, and that said third party counted and divided it, and that appellant received no part of the $250 alleged to have been overpaid to him, but only received back from the party who counted it the amount of money to which he was entitled on the check he had discounted at appellees' bank. Appellant made an application for a continuance, which was overruled, and this ruling of the court is the first error assigned. *Held:* The application conformed to the statute [R. S. art. 1277] as a first application. It was overruled because it failed to show that the witnesses were in attendance on the first day of the court. In a civil case it is not necessary that the application for a continuance should show that the absent witnesses were in attendance on the first day of the court. The statute certainly does not require it. The rule in civil cases is that when a first or second application for a continuance contains the requirements prescribed by the statute it is not within the discretion of the court to refuse such application, but the continuance will be granted as a matter of course. [Chilson v. Reeves, 29 Tex. 275; Prewitt v. Everett, 10 Tex. 283; Goodson v. Johnson, 35 Tex. 622; Transportation Co. v. Hyatt & Henning, 54 Tex. 213; 2 W. Con. Rep. § 831.] It is not required that the application should state specifically that it is a first or second one. It is sufficient if the bill of exceptions to the ruling of the court thereon shows that it is a first or second one. [Arnold v. Hackney, 51 Tex. 46.] It was error to overrule appellant's application for continuance.

§ 223. *Mistake; money paid by, may be recovered back, when; rules as to.* " Where money is paid to another under the influence of a mistake, that is, on the supposi-

tion that a specific fact is true which would entitle the other to the money, but which fact is untrue, and the money would not have been paid if the fact had been known to the payor, an action will lie to recover it back." [Guild v. Baldridge, 2 Swan (Tenn.), 295; 4 Wait's Ac. & Def. p. 483.] But there are circumstances under which, although money be paid under mistake, it cannot be recovered back; thus, "while the means of ascertaining facts is not equivalent to a knowledge of them, and while a person paying money to another has a right to rely upon such person's assurances, yet in the absence of any assurances or statements made in reference to the matter, if the means of ascertaining the facts are readily accessible, his failure to take any measures to ascertain them may constitute such negligence on his part that money paid under such circumstances cannot be recovered back, and will be treated by the courts as having been voluntarily paid with knowledge of the facts." [Rutherford v. McIvor, 21 Ala. 750; Ins. Co. v. Wager, 27 Barb. 354; Peterborough v. Lancaster, 14 N. H. 382; West v. Houston, 4 Harr. (Del.) 170.] This rule, however, is only applied when the person paying the money is guilty of inexcusable negligence. [4 Wait's Ac. & Def. 480.] And even though there is negligence on the part of the person paying the money, he may recover it back if the payee will not be prejudiced, or lose any rights thereby. [Duncan v. Berlin, 46 N. Y. 685.] In no case is a person estopped by negligence from recovering back money paid to another under a mistake of facts, when such person has no right to have money paid to him by the person paying it, or by any other person for whom the payor professes to act, or in whose right he is acting in making such payment. [Lawrence v. Am. Nat. Bank, 54 N. Y. 432.] The fact that he had the means of ascertaining the truth, but omitted to exercise due diligence in ascertaining it, does not preclude him from recovering back the money so long as the payee is not prejudiced and loses no rights thereby. [Union Nat. Bank v. Sixth Nat. Bank,

43 N. Y. 452; 3 Am. Rep. 718; Kingston Bank v. Eltinge, 40 N. Y. 391.] Mere negligence in ascertaining the facts, or mere forgetfulness, does not operate as an estoppel, nor does the fact that the payor had the means of ascertaining the facts and neglected to use them. The payment, in order to operate as an estoppel, must have been made intentionally, and under such circumstances as show a determination to pay without choosing to investigate the facts. [Kelly v. Solari, 9 M. & W. 54; Lucas v. Worswick, 2 Smith's Lead. Cas. 243; 4 Wait's Ac. & Def. 481, 482.] The principles of law above stated, applicable to the facts of this case, were not sufficiently and correctly embraced in the charge of the court.

December 1, 1886.  Reversed and remanded.