## KALISKI v. KAUFMAN.

(Supreme Court, Appellate Term.　February 5, 1909.)

1. PAYMENT (§ 85*)—RECOVERY OF PAYMENT UNDER MISTAKE OF FACT.

A debtor sent by mail to his creditor a check for a part payment of the debt. The claim was placed in the hands of an attorney for collection, who demanded payment of the claim in full and notified the debtor that, as the claim had been turned over for collection, he-supposed that the creditor would return the check, and the debtor thereupon paid the attorney the claim in full, and subsequently the creditor collected the check. *Held,* that the overpayment of the debt was recoverable as a payment made under a mistake of fact, though the debtor, after paying the full amount to the attorney, failed to stop payment of the check.

[Ed. Note.—For other cases, see Payment, Cent. Dig. § 272; Dec. Dig. § 85.*]

2. PAYMENT (§ 85*)—RECOVERY OF PAYMENT UNDER MISTAKE OF FACT.

Money paid under a mistake of fact, in excess of the amount due, is recoverable in an action at law.

[Ed. Note.—For other cases, see Payment, Cent. Dig. § 272; Dec. Dig. § 85.*]

3. PAYMENT (§ 85*)—RECOVERY OF PAYMENT MADE UNDER MISTAKE OF- FACT.

That a debtor, making an overpayment under a mistake of fact, had the means of knowledge, or was negligent, does not preclude him from recovering the overpayment.

[Ed. Note.—For other cases, see Payment, Cent. Dig. § 280; Dec. Dig. § 85.*]

4. PAYMENT (§ 85*)—RECOVERY OF PAYMENT MADE UNDER MISTAKE OF FACT.

Where a creditor, sending his claim to an attorney for collection, kept the attorney in ignorance of the receipt from the debtor of a check for part payment of the claim, and the attorney collected the whole claim from the debtor, who, together with the attorney, acted under a mistake of fact, and the creditor subsequently collected the check, the creditor was precluded from denying that he understood the facts in any other sense than that in which attorney and debtor understood them.

[Ed. Note.—For other cases, see Payment, Cent. Dig. § 272; Dec. Dig. § 85.*]

5. COURTS (§ 190*)—MUNICIPAL COURT OF NEW YORK—ORDERS REVIEWABLE.

An order of the Municipal Court denying a retaxation of costs is not subject to review on appeal.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

6. COURTS (§ 190*)—MUNICIPAL COURT OF NEW YORK—DENIAL OF RETAXATION OF COSTS—REVIEW.

Under Municipal Court Act (Laws 1902, p. 1589, c. 580) § 342, authorizing the review of taxation of costs, costs taxed may be reviewed on appeal from that part,of the judgment which includes the costs which appellant seeks to have reviewed.

[Ed. Note.—For other cases, see ,Courts, Dec. Dig. § 190.*]

7. COSTS (§ 154*) — MUNICIPAL COURT OF NEW YORK — TAXATION OF COSTS -- STATUTES.

Under Municipal Court Act (Laws 1902, p. 1584, c. 580) § 330, defining the costs the prevailing party shall recover, the Municipal Court may award to the successful party fees paid to commissioners for taking depositions, but cannot award- costs for drawing interrogatories.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 596–604; Dec. Dig. § 154.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Marcus Kaliski against Frederick Kaufman. From a judgment for plaintiff, and from orders denying a motion to set aside the judgment and for a new trial, and a motion for a retaxation of costs, defendant appeals. Appeal from order denying a retaxation of costs dismissed, and judgment modified and affirmed.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and SEABURY, JJ.

Gustavus A. Rogers, for appellant.
Baggott & Ryall, for respondent.

SEABURY, J. This action is brought to recover for money had and received. The plaintiff bought goods from the defendant, and for these goods was indebted to him in the sum of $457.30. On February 15, 1902, the plaintiff sent by mail to the defendant a check for $173.25 as part payment of this debt. The plaintiff is a resident of the state of Louisiana, and the defendant's claim was placed in the hands of an attorney of that state for collection. The defendant's attorney in Louisiana demanded payment of the entire sum of $457.30. In answer to that demand the plaintiff protested that he had already sent the defendant a check for $173.25 on account of this indebtedness. The defendant's attorney replied that he had been instructed by his client to collect the whole amount of the debt or to commence an action against the plaintiff to recover this amount. The defendant's attorney testified that, when he demanded this amount, he told the plaintiff:

"That, as the claim had been turned over to an agency for collection, I supposed that Mr. Kaufman [defendant] would return the check to him, if it had not miscarried."

The plaintiff thereupon paid the sum of $457.30 to the attorney for the defendant, who subsequently paid it to his principal. This check was paid on February 25, 1902. On March 7, 1902, the check for $173.25 was presented at the bank and paid.

In the present action the plaintiff seeks to recover from the defendant the sum of $173.25, with interest, the amount which he has paid in excess of the amount which was due from him to the defendant. The appellant contends that the payment in excess of the amount due was a voluntary payment, made with full knowledge of the facts, and urges that it cannot be recovered back. The principle of law which the appellant invokes has no application to this case. The overpayment by the plaintiff was not made with full knowledge of the facts, but as a result of a mistake of fact. It is clear that, when the plaintiff delivered his check to the defendant's attorney in Louisiana, he was under the impression that the check which he had previously mailed to the defendant had not been received, and that, if it was received by the defendant, it would be returned to him. It is evident, from the testimony of the defendant's attorney, that he also understood the matter in this way. The exact date when the first check

was received does not appear; but it does appear that this check was not collected until several days after the second check had been paid.

The attempt of the defendant to retain $173.25, which he admits was in excess of the amount due him, is altogether inequitable and unjust, and is not supported by any rule of law. The evidence shows that this is not a case of voluntary payment with full knowledge of the facts, but is simply a case of money paid under a mistake of fact, which to permit the receiver to retain would be against justice and conscience. Money paid under a mistake of fact in excess of the amount due is recoverable in an action at law. 22 Am. & Eng. Ency. of Law (2d Ed.) 621; Burr v. Veeder, 3 Wend. 412. It is true that after the plaintiff paid the full amount of the debt to the defendant's attorney he should have stopped payment on the first check. As the payment to the defendant's attorney was made upon the understanding that, if the first check was received, it would be returned, this agreement relieved the plaintiff of the duty of stopping payment of the first check, so far as any claim of this defendant is concerned. The fact that the person making the overpayment had the means of knowledge, or that he was negligent, does not preclude him from recovering the money paid under a mistake of fact. Kelly v. Solari, 9 Mees. & W. 53; Townsend v. Crowdy, 8 C. B. (N. S.) 476; Lawrence v. American Bank, 54 N. Y. 432. In Lawrence v. American Bank, supra, Earl, J., said:

"It is the fact that one who by mistake unintentionally pays money to another, to which the latter is not entitled from the former, which gives the right of action, and the fact that the mistake occurs through negligence does not give the payee any better or the payer any worse title to the money."

Nor does the fact that the last check was paid to the defendant's agent, who paid the proceeds to his principal, defeat the plaintiff's right to recover from the defendant the amount paid in excess of the amount due. Appleton Bank v. McGilvray, 4 Gray (Mass.) 518,· 64 Am. Dec. 92. This is not a case where the mistake was that of the plaintiff alone. The defendant's agent was evidently laboring under the same mistake as the plaintiff. So far as the plaintiff and the defendant's agent are concerned, it is clear from the record that the mistake was mutual, and that both acted under the impression that the first check had not been received. It may be that Gurby's principal knew that the check had been received and was aware that the plaintiff was laboring under a mistake. In either event the plaintiff is entitled to recover. If the defendant did know that the check had been received, and kept his agent in ignorance of this fact, and then collected the whole amount of the original debt, although he had in his possession a check for part payment of the debt, which check he afterwards collected, he cannot on this ground defeat the plaintiff's right to recover. If this was the true situation, then we have a case where the plaintiff was acting under a mistake, and the defendant, knowing that he was mistaken, sought to take an unfair advantage of him. If this was the defendant's position, he is precluded now from denying that he understood the circumstances in any other sense than that in which his agent and the plaintiff understood them. The plain-

tiff's right to recover is clear from any aspect from which this case may be viewed.

It appears that the court below allowed interest upon the amount due the defendant, and deducted the amount of this item for interest from the principal and interest due the plaintiff. This was erroneous. The interest due the defendant from the plaintiff should have been deducted from the principal sum which the plaintiff was entitled to recover, and the plaintiff should have been allowed interest only on the balance.

The defendant seeks to review, upon this appeal, two items of costs, which the court below permitted the plaintiff to tax. For this purpose he has appealed from the judgment and from an order denying a motion for a retaxation of costs. The order denying a motion for a retaxation of costs is not subject to review upon appeal, but the costs taxed may, under section 342 of the Municipal Court act (Laws 1902, p. 1589, c. 580), be reviewed upon appeal from that part of the judgment which includes the costs which the appellant seeks to have reviewed. The costs, as originally taxed, allowed the defendant $10 for the drawing of interrogatories and $10 paid for the commissioner's fee in taking depositions which were used upon the trial. Section 330 of the Municipal Court act (Laws 1902, p. 1584, c. 580) specifically authorizes a party to recover fees paid to commissioners for taking depositions, and therefore this item was correctly allowed. There is no authority in the Municipal Court act for awarding costs to a party for drawing interrogatories, and therefore the judgment should be reduced to this extent.

The appeal from the order denying a retaxation of costs is dismissed, with $10 costs, and the judgment is modified, by reducing it to $264.07, and, as modified, is affirmed, without costs. All concur.