Harry T. Nusbaum, J.
In the plaintiff’s words, this is an action in the nature of money had and received, brought by the plaintiff to recover the sum of $772 from the defendant.
The matter was submitted on a stipulation of facts, which briefly stated are as follows:
The plaintiff was the principal officer, stockholder and director of a firm known as Stephens Bakery Products, Inc. On or about August 2, 1968, the Stephens Corporation was indebted to the defendant for a sum in excess of $12,000 for goods previously sold to it. On or about that day, the Stephens Corporation ordered additional goods from the defendant, but was informed that no further goods would be shipped other than on a C. O. D. basis. Accordingly, on August 2d, Stephens delivered its check, No. 224 in the sum of $772, representing the purchase price of the goods ordered, to the defendant. The defendant, however, refused to deliver the order until the check had cleared.
*691 Prior to delivery, the Stephens check was returned for insufficient funds and the defendant advised the plaintiff that the goods would not be delivered unless a certified check was first received. At this point the stipulation is not quite clear, but it would appear that the defendant redeposited the check at the plaintiff’s request, a day or so prior to August 12th, but the plaintiff, anxious to avoid further delay in shipment of the merchandise, agreed to and did deliver his personal check in the sum of $772 to the defendant on August 12,1968. The defendant caused the plaintiff’s check to be certified by the plaintiff’s bank and made delivery of the goods. On the said check there appears the legend “ replace check number 224 ”.
On the same day, August 12th, the Stephens Corporation check, previously redeposited, cleared the bank and the proceeds thereof were applied by the defendant to the outstanding balance due from the Stephens Corporation. There is nothing in the stipulation of facts to indicate that the defendant knew the Stephens Corporation check had cleared when it received and certified the plaintiff’s personal check on August 12, 1968.
The question presented for determination is whether the defendant, having received payment from the plaintiff for the merchandise shipped, may nevertheless retain the proceeds of the corporation’s check given for the same merchandise and apply it to the corporation’s general indebtedness. Put the other way, the question is whether the defendant may retain the proceeds of the plaintiff’s personal check given specifically to pay for certain merchandise when in fact the merchandise in question had been paid for by the corporation.
Although not specifically pleaded, it is this court’s impression that the facts presented fall within the scope of those cases dealing with payments made under a mistake of fact. An action for money had and received as well as an action to recover money paid under a mistake of fact, although actions at law, are based on equitable principles, requiring those who receive money under certain circumstances to repay the moneys on the ground that to permit the retention of such moneys would be against equity and good conscience (Schank v. Schuchman, 212 N. Y. 352; Rothrock Syosset v. Kreutzer, 2 A D 2d 777; New York Life Ins. Co. v. Guttenplan, 30 N. Y. S. 2d 430, affd. 259 App. Div. 1004, affd. 284 N. Y. 805).
In the case at bar, the plaintiff was under no personal obligation to pay for the goods shipped to the Stephens Corporation. The payment was made under the mistaken supposition that the check previously given to the defendant by the corporation had not been paid. There is little doubt that the plaintiff would not *692 have paid and that the defendant would not have demanded the plaintiff’s personal certified check if either of the parties had been aware of the bank clearance of the corporate check.
The legend on the check 1 ‘ replace check number 224 ’ ’ is ample evidence that the check was given by the plaintiff in connection with a particular transaction and for that particular purpose. Generally, when making a payment, a debtor has the right to prescribe the manner in which it should be applied towards the discharge of the indebtedness (Bank of Calif. v. Webb, 94 N. Y. 467; National Bank of Newburgh v. Bigler, 83 N. Y. 51, 43 N. Y. Jur., Payment, § 60). In the case at bar, both the plaintiff and defendant were concerned with the payment of a particular debt for a particular shipment and there was no intent to apply the money to the corporation’s general indebtedness. The payment was made through a mutual mistake of fact and in equity and good conscience cannot be retained by the defendant. This is so despite the large indebtedness due from the Stephens Corporation because the plaintiff personally was under no obligation in respect of that indebtedness (Kaliski v. Kaufman, 62 Misc. 274).
I therefore find and determine that the plaintiff have judgment against the defendant for the sum of $772, without interest or costs.