NORTH SIDE SAVINGS BANK, Respondent, v. SOLOMON SEPTIMUS et al., Appellants, et al., Defendants.— In an action to recover amounts due on a promissory note given in connection with a loan under Title I of the National Housing Act, together with attorneys' fees, defendants Septimus appeal, as limited by their brief, from so much of (1) an order of the Supreme Court, Queens County, dated June 12, 1969, as granted plaintiff's motion for summary judgment against them and (2) a judgment of said court, entered July 2, 1969 upon said order, as is against them. Order and judgment reversed insofar as appealed from, on the law, with $10 costs and disbursements, motion for summary judgment denied, and action severed so as to permit it to proceed as against appellants. On the basis of the record before us, we believe that factual issues exist as to the parties' intention in creating the second note. The regulations of the Federal Housing Authority, which were complied with by respondent, indicate that the second note was intended to extinguish the obligations under the first note, upon which the action is based. While the case is to be decided under the law of this State, under our law the parties' intention is controlling. Accordingly, all evidence tending to establish the intent of the parties, including their actions with respect to the FHA regulations, is relevant to the determination of whether the first note's obligations were extinguished by the execution of the second note (*Garfield Nat. Bank* v. *Wallach*, 223 App. Div. 303). There is also an additional issue raised herein as to respondent's alleged impairment of the chattel mortgage which had been given to secure payment of the note. While appellants, as makers, may not raise suretyship defenses, since makers under the Negotiable Instruments Law, which was in effect at the time of the execution of the note, did not have such defenses available to them, appellants allege an agreement by which the maker who would

pay the note would be entitled to an assignment of the chattel mortgage. That agreement, if established, would place appellants in the position of sureties as well as makers and entitle them to raise such a defense. It is axiomatic that before such defense may be raised appellants must establish that the collateral was actually impaired. Brennan, Acting P. J., Rabin, Hopkins, Martuscello and Kleinfeld, JJ., concur.