■ BERNARD BROWN, Appellant, v MIRIAM BROWN, Respondent.—In an action for divorce, the plaintiff husband appeals from so much of an order of the Supreme Court, Queens County, dated August 5, 1975, which *inter alia* directed him to submit to an examination before trial, as also directed him to produce specified records. Order affirmed insofar as appealed from, with $20 costs and disbursements. In this contested matrimonial action, instituted in or about May, 1975, defendant has shown sufficient special circumstances to warrant the husband's financial disclosure. The items ordered produced, although numerous, are sufficiently described, and specifically so, to warrant their production. (See Domestic Relations Law, § 250, as added by L 1975, ch 690, § 1, as amd by L 1975, ch 691, § 1.) Hopkins, Acting P. J., Cohalan, Christ, Brennan and Shapiro, JJ., concur.

■ GERALDINE CUNNINGHAM, Respondent, v THOMAS E. CUNNINGHAM, Appellant.—The respective attorneys for the parties on this appeal from an order of the Supreme Court, Kings County, dated June 10, 1975, after a conference in this court before Mr. Justice Gittleson on October 20, 1975, have agreed by stipulation that the order be modified by decreasing the award therein for temporary alimony from $100 per week to $80 per week. In accordance with the foregoing, the order is modified as provided in said stipulation, and the order is affirmed as so modified, without costs. Gulotta, P. J., Rabin, Hopkins, Martuscello and Latham, JJ., concur.

■ JOHN S. DiLEO et al., Appellants, v LEWIS WERB et al., Respondents. —In an action *inter alia* to recover amounts due on two promissory notes, plaintiffs appeal from (1) an order of the Supreme Court, Richmond County, dated April 17, 1975, which denied their motion for summary judgment, and (2) a further order of the same court, dated May 29, 1975, which granted defendants' motion for leave to serve an amended answer. Orders affirmed, with $20 costs and disbursements. The time within which defendants may serve an amended answer is hereby extended until 20 days after entry of the order to be made hereon. We believe that there is a question of fact as to whether the parties entered into a written contract which relieved defendants of personal liability on the notes or whether the parties performed under an oral contract to the same effect (Uniform Commercial Code, §§ 3-119, 3-601; cf. *North Side Sav. Bank v Septimus,* 33 AD2d 913). In view of the foregoing, we believe that Special Term properly exercised its discretion in permitting defendants to interpose an amended answer. Rabin, Acting P. J., Latham, Cohalan, Margett and Brennan, JJ., concur.

■ PEARLANN ELZHOLZ, Appellant, v STEVEN ELZHOLZ, Respondent.— The respective attorneys for the parties on this appeal from a judgment of the Supreme Court, Queens County, entered August 5, 1975, have agreed, after a conference in this court before Mr. Justice Gittleson, on October 22, 1975, that the appeal be withdrawn and that the case be heard at Special Term for clarification as to what personal property shall remain in the marital residence, and they thereupon signed a stipulation to such effect. In accordance with the foregoing, the appeal is deemed withdrawn, without costs, and the case is referred to Special Term, Part V, for a hearing for clarification and specification of the personal property which shall remain in the marital residence. Gulotta, P. J., Rabin, Hopkins, Martuscello and Latham, JJ., concur.