The Garfield National Bank of the City of New York, Appellant, *v.* Harry K. Wallach, Respondent.

First Department, April 13, 1928.

Bills and notes — accommodation indorser — defense of payment — defendant contends that note was paid by renewal note on which he was not indorser — acceptance of renewal note does not constitute release of original obligation in absence of intent — no intent on part of plaintiff to release defendant — cancellation and surrender of original note do not constitute payment.

This is an action against the defendant as an accommodation indorser on a promissory note, in which the defendant sets up a defense of payment. The basis for the defendant's defense is that the plaintiff accepted a renewal note, which was not indorsed by the defendant, marked the original note paid, and delivered it to the maker.

The taking of the renewal note does not operate to extinguish the original note, in the absence of an intention on the part of the payee to do so, and in this case there is no evidence of such intention, and in fact the evidence indicates that the acceptance of the renewal note was not with the understanding that the original note was paid but that its acceptance without defendant's indorsement was an oversight and not done intentionally. The lack of intention to consider the original note as paid is evidenced by the fact that the maker was at the time in financial difficulties.

The cancellation of the original note by marking it paid and the surrender thereof to the maker did not show that it was paid by the acceptance of the renewal note.

Appeal by the plaintiff from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 7th day of July, 1927, as amended by an order of said court, entered in said clerk's office on the 15th day of July, 1927, and also from said order amending the judgment, and from an order entered on the 7th day of June, 1927.

*Charles H. Edwards* of counsel [*David G. George* with him on the brief; *Edwards, O'Loughlin & George,* attorneys], for the appellant.

*Eugene L. Bondy* of counsel [*Norman P. S. Schloss* with him on the brief; *Edmund G. Joseph,* attorney], for the respondent.

McAVOY, J. The defendant, who was an accommodation indorser of a promissory note, defends this suit with a plea that the note was paid. Payment was alleged to have been made by the giving of a renewal note for the one in suit, dated February 2, 1926. The original note was made on October 2, 1925, for the sum of $5,000 by a corporation known as H. Kashins Company, and was indorsed by the defendant. The renewal note as the plaintiff asserts was made by the same concern and indorsed by it alone and through some inadvertence or other was not indorsed by the defendant.

The theory of the complaint is that the second note was only an extension of time; that it had been received by the plaintiff in the belief that defendant had indorsed it; that although it was a three months' note, it matured earlier because of the provisions of an agreement between H. Kashins Company and the bank, under which insolvency or bankruptcy of the maker would accelerate the date of maturity; that the second note not having been paid, the plaintiff asserts the right to sue on the original note. It is also alleged that the circumstances surrounding the delivery of the second note amounted to a waiver on the part of the defendant of any presentment and demand or any notice of dishonor and protest of the first note.

The complaint was moved to be dismissed by defendant, but was sustained at Special Term and in this court (219 App. Div. 779).

The evidence with respect to the giving of the second note on February 2, 1926, showed that the plaintiff had originally accepted H. Kashins Company as a depositor through an introduction of the defendant Wallach. He was an officer of the latter concern, and plaintiff had required his indorsement upon a note for a loan of $5,000, which had been renewed from time to time up to October 2, 1925, when the note upon which this suit is brought had been delivered. During December, 1925, and January, 1926, the deposit account of this concern became unsatisfactory in its amount. Its deposits were not at all adequate for the loan. When the note became due on February second upon which Wallach was an indorser, he called at plaintiff's bank office and saw Mr. Poor, its president, about it. At that meeting the defendant delivered to President Poor the note of February second for $5,000 due three

months after date which was unindorsed by Wallach. The plaintiff claims that the note was accepted merely as a renewal; that it was assumed that Wallach had indorsed it; that it was not intended to discharge the prior note of October second, and that note, according to plaintiff's theory, and the obligation thereon continued. The defendant's contention is that this note of February second was accepted by the plaintiff as a payment in discharge of the earlier note. What advantage plaintiff had in making such an arrangement by which it would extend time for payment of the debt and discharge without consideration the responsible and solvent indorser is not indicated by plea or proof.

The president of the plaintiff bank testified that he did not notice that Wallach's indorsement was not on the note; that he believed it was. On the following day he learned that the note was not indorsed by Wallach, he having been informed of that fact by the assistant cashier.

Defendant Wallach said that he told Poor that he had a note from the H. Kashins Company which they wanted to discount in order to pick up the note that was coming due that day. Mr. Poor took the note, looked at his ledger, then called for the folio of the H. Kashins Company, took out the folio, stood there for a few minutes, turned the new note over, OK'd it on the back and then said " Good morning " to Wallach. Wallach said that this was all that occurred. He did not see what was in the folder. He was there only five minutes. When he left Poor, he went to the discount window, handed in the note and asked for the Kashins statement. They told him it would take a day or so. The following day he went to the bank again and asked for the statement of H. Kashins Company. On the fourth of February, the next day, he again called at the bank, got the new statement with the voucher and receipted for these in the name of " H. Kashins Company." When the voucher or the old note was returned it was stamped paid.

There was no evidence affirmatively establishing this renewal as a payment. The taking of a renewal note does not operate to extinguish the earlier note in the absence of an intention to do so. It was, therefore, the burden of the defendant to establish that the intention of the bank was to accept the new note in payment of the old. The note was not accepted by plaintiff under any express agreement to extinguish the earlier note. There was no reason why the plaintiff's officer should agree to extinguish it. It was apparent as a business matter that he should not take off the liability of the indorser because of the unsatisfactory condition of the Kashins Company's bank balances. Defendant does **not**

assert that he told Poor that he wished to extinguish the earlier note or quit his liability. His statement, according to the proof, was, " Mr. Poor, I have a note here from H. Kashins Company; they want to discount this note in order to pick up the note that is coming due today." This is hardly a tender of a note to be accepted solely as payment for a previously existing note. It is doubtless the true conclusion, upon all the considerations of fact and circumstance, that Poor never intended to accept the note of February second in payment of the earlier note, but accepted it by way of renewal only because he believed Wallach's indorsement was on it.

The proof shows that this was Poor's intention; that he did not intend to discharge the earlier note, and the probabilities confirm this proof. There was no evidence of the defendant's intention that the bank's officer should deliberately accept the unindorsed note of a financially sinking company as payment of a note upon which he as the responsible indorser was liable. The fact that the October note was surrendered and marked paid is inconclusive as indicating that this note was accepted in payment of the old one.

Cancellation and surrender alone of an old note do not effect payment thereof where a renewal note is given, under many New York cases and a considerable number of the authorities in foreign jurisdictions.

The judgment and order denying a new trial should be reversed and a new trial granted, with costs to appellant to abide the event. The appeal from the order amending the judgment should be dismissed.

DOWLING, P. J., FINCH, MARTIN and O'MALLEY, JJ., concur.

Judgment and order denying new trial reversed and a new trial ordered, with costs to the appellant to abide the event. Appeal from order amending judgment dismissed.