Saul S. Street, J.
This is a motion by defendants for summary judgment dismissing the complaint.
Plaintiff bank alleges that it made a loan of $400,000 to Wolz, Aiken & Co. in reliance on a false financial statement made by defendants, a firm of certified public accountants. It claims damages of $138,436.77 representing the allegedly unpaid amount of the loan.
This motion to dismiss is not based on a claim that defendants’ statement was not false or that plaintiff did not rely on it, but rather on the contention that “ plaintiff’s claim has been satisfied by a novation and a voluntary discharge of the underlying indebtedness.”
It is contended by the plaintiff that as the result of defendants ’ tortious conduct plaintiff made a loan which it would not have made but for such tortious conduct. That being the case, clearly, defendants’ liability would not be that of sureties, but of tortfeasors. Plaintiff could release the firm to which the loan was made from all liability to it without impairing its rights against defendants for their tort. (Anthony v. George T. Bye, Inc., 243 App. Div. 390.) In the cited case, the defendants were charged with the tort of maliciously inducing a breach of contract. It was held that the plaintiff’s release of the parties to the contract from liability for breach of contract did not discharge the defendants from liability in tort to the plaintiff.
If plaintiff has actually been paid the full amount of its loan, defendants would, of course, not be liable, since plaintiff would be unable to establish that it had been damaged by defendants’ misconduct. Defendants contend that plaintiff, by accepting a renewal demand note for $300,000 (the then unpaid amount of the loan) from its debtor, surrendered its right to sue defendants for their tortious acts. Defendants urge that this action of plaintiff constituted, in legal effect, payment of the original note. The legal presumption is, however, to the contrary (Cohen v. Rossmoore, 225 App. Div. 300, 306; Garfield Nat. Bank v. Wallach, 223 App. Div. 303). The new note is presumed to be only a renewal of !the original note. Plaintiff’s officers testified, it is true, that it was their usual practice on accepting a renewal note to return the original note marking it “paid” or “ can-celled ’ ’. Even if it be assumed, however, that the usual practice was followed as to the $400,000 note here involved, it would not *421 necessarily follow that the original note must be deemed to have been paid. Plaintiff’s official, Sievers, who handled the acceptance of the new note, testified that he considered that he “ was not making a new loan ” but rather putting the $300,000 indebtedness then remaining on a demand basis and letting it ride. There is no admission that any agreement was made to accept the new note in extinguishment of the orginal note, nor is any suggestion made as to why plaintiff should accept the new note as payment of the old and merely release its claim against Aiken, who was liable on the original note but was not a party to the new one. The situation here is very similar to that obtaining in Garfield Nat. Bank v. Wallach (supra). In that case, the Appellate Division held that the burden was on the defendant to establish that the new note was intended as payment of the old note. It pointed out that the new note was not accepted under any agreement that it was to extinguish the existing note and that no reason existed for such an agreement by the bank’s officer, in view of the fact that it would release an indorser of the old note who did not indorse the new one. The court went on to say (p. 306): “ The fact that the October note was surrendered and marked paid is inconclusive as indicating that that note was accepted in payment of the old one. Cancellation and surrender alone of an old note do not effect payment thereof where a renewal note is given, under many New York cases and a considerable number of the authorities in foreign jurisdictions. ’ ’
The fact that the new note omits the signature of one who was liable on the former note does not overcome the presumption that it was a renewal, not a payment. The same situation existed in Garfield Nat. Bank v. Wallach (supra). The question of whether Aiken was discharged from liability, as contended by defendants, has no bearing whatever upon defendants’ liability for their tortious conduct. As already pointed out, even a release of all the persons liable on the original note would not discharge defendants from their liability in tort. The very most that can be said for defendants’ contention that plaintiff’s acts effected payment of the original loan is that a triable issue of fact is presented.
It is clear that plaintiff’s participation in the proceedings had by the committee of creditors of its debtor and the extension and subordination agreements entered into by plaintiff did not have the effect of discharging defendants from their tort liability (Hotaling v. Leach & Co., 247 N. Y. 84). The motion is denied.