■ The People of the State of New York, Respondent, v. Jerome Broffman, Appellant.— Judgment herein appealed from, unanimously reversed on the law, and a new trial directed as to defendant-appellant Jerome Broffman. The testimony of Dr. Kesselman, a psychiatrist, with respect to statements made to him by the codefendant Hogan during a March, 1967 interview, which fully and directly implicated Broffman, unduly prejudiced Broffman and served to deny Broffman a fair trial. There had been notice, previous to such testimony, of the possible nature of the forthcoming testimony and the prejudicial references could have been redacted (cf. *People* v. *Burrelle*, 21 N Y 2d 265). During the trial it became known that Broffman's telephone had been tapped. Certain information elicited thereby was admittedly helpful to the prosecutor in the interrogation of witnesses. Despite the request of defendant to ascertain if his phone had been tapped this information was not directly forthcoming until the end of the People's case. Defendant was entitled to challenge the sufficiency of the underlying affidavit upon which the order was based (see, *People* v. *McCall*, 17 N Y 2d 152; *People* v. *Morhouse*, 21 N Y 2d 66). At or about the same time defendant learned, as indicated, that information gleaned from the transcriptions had been helpful in the interrogation of witnesses or at least of a witness. In light of Mel Cohen's testimony and his professed inability on cross-examination to recall certain matters about which he was questioned, it cannot be concluded with certainty that transcriptions of the tapped telephone conversations in which Cohen participated would have served no useful purpose in cross-examination. At any rate defense counsel should have been permitted to determine what use, if any, defense counsel would make of them (cf. *People* v. *Rosario*, 9 N Y 2d 286), and not have this matter decided by the court or the People. At the very least there should be a preliminary hearing on the issue. Concur — Botein, P. J., Stevens, Eager, Capozzoli and Tilzer, JJ.

■ Intercontinental Fur Corp., Appellant, v. A. Bernard Goldstone, Respondent.— Order granting defendant's motion for summary judgment and denying plaintiff's cross-motion for like relief, and the judgment thereon entered unanimously modified, on the law, the judgment vacated, with $50 costs and disbursements to appellant; and the motions for summary judgment denied. The composition of plaintiff's claim against defendant's client does not serve to release defendant from the tort claim predicated on his certification of a false financial statement of his client. (*New York Trust Co.* v. *Beairsto*, 42 Misc 2d 419, affd. 20 A D 2d 851.) The contract obligation of the client to the plaintiff is separate and apart from defendant's tort liability to the plaintiff. Triable issues exist, among others, as to whether plaintiff did in fact extend credit to debtor in reliance on the statement, the amount of credit extended thereon, and the damages sustained by plaintiff. Concur — Botein, P. J., Eager, Capozzoli, Rabin and McNally, JJ.