OPINION OF THE COURT
Robert A. Harlem, J.
This is a mortgage foreclosure action, and the plaintiff moves for summary judgment. The basis for the relief sought is an alleged failure of the defendant to make the mortgage payments which were due on the first days of September, October, November and December, 1980, as well as a failure to pay the 1980 village and school taxes.
The defendants, George Patón and Rita Patón (hereafter Patón), deny the defaults and affirmatively assert that on December 3, 1980 they issued a check payable to the plaintiff in payment of the September and October installments. On December 16, 1980 they issued a check payable to the plaintiff for the November and December installments. The latter check was hand delivered to a bank *43 employee on December 10, 1980, but was postdated to December 16, 1980.
With respect to the failure to pay the village and school taxes, these same defendants assert that with each mortgage payment they were required to deposit with the bank additional moneys in escrow for the payment of the taxes upon this realty. It is their position that if the escrow payments were insufficient to pay the taxes, the bank should have notified these defendants. They further contend that no notice was ever given to them concerning the nonpayment of real property taxes. Under the terms of the bond and mortgage, the creditor is required to give the debtor 30 days’ notice and demand for the payment of taxes before this type of default could trigger an acceleration of payment of the balance of the secured obligation. No such notice and demand was given, according to the defendants, and it appears that this assertion is not countered by the plaintiff. In view of this circumstance, it is hereby determined that the failure to pay the real property taxes cannot constitute a default for acceleration purposes under the terms of the bond and mortgage. This is especially true, since the bank was paying the taxes out of the escrow account.
The check which was issued on December 3, 1980 contained a notation “Sept. & Oct. Mort”. Apparently this draft was applied to the September and October mortgage payments. The check which is dated December 16, 1980 contains a notation “Nov. Dec.”, and the proceeds of this draft were applied toward the tax arrearage. The defendants, Patón, urge that the bank had no right or authority to use the funds from this check in payment of the taxes, since the bank was given directions on the face of the instrument that the proceeds were to be applied toward the November and December payments.
It is a well-settled principle that a debtor owing on more than one obligation to another has the right to direct the creditor in the application of funds in reduction of any one or more of the debts. The principle is premised upon a recognition that the funds which are being transmitted to the creditor constitute the money or assets of the debtor, and the latter is the sole master of his estate with a right to *44 direct its manner or form of disposition (43 NY Jur, Payment, § 60; Bank of California v Webb, 94 NY 467; National Bank of Newburgh v Bigler, 83 NY 51).
Conversely, where there is no direction as to the application of the funds and no agreement or understanding in that regard, the payments may be applied as the creditor elects (Davison v Klaess, 280 NY 252). In order for the debtor to avail himself of the right to direct application of the funds in payment of an obligation, such advice must be given before or at the time of the payment, or the right is lost, in that the money then becomes the property of the creditor (43 NY Jur, Payment, § 61).
The issue for consideration in this case is whether the notation on the check “Nov. Dec.” was sufficient advice so that the bank understood that the proceeds were to be applied toward the November and December payments. Ordinarily, such matters constitute questions of fact, but in the context of the circumstances existing in this case, there could be no doubt as to what was intended. The issuer of the check was a debtor of the plaintiff, and the issuer was obliged to pay upon that debt on a monthly basis. Nothing has been submitted to the court which would belie the understanding that the notation on the check referred to the November and December mortgage payments, and there is nothing apparently extant which would predicate a claim of uncertainty. There is a paucity of cases on the precise question of interpretation of language constituting directions for the application of the proceeds of a draft. While perhaps of little precedential value, Cukferski v Standard Milling Co. (60 Misc 2d 690) did address this question. In that case, limited language of quite similar import was construed as a direction to the bank. In the matter before this court there can be no doubt that the issuer intended the drafts to be used for the payments indicated. Under the circumstances, the bank had no right to apply the proceeds to the payment of taxes upon the property.
The next issue to be addressed is whether the acceptance by the plaintiff of the checks of December 3, 1980 and December 16, 1980 operated to cure the defaults for the months of September, October, November and December.
*45 The law does not look favorably upon a forfeiture, and when a party intends to insist upon such a consequence, no act inconsistent with that right shall be engaged in unless and until timely notice is given that the party asserting the right will require strict performance (Rathbone v Forsyth, 171 App Div 26; Battim Assoc. v L & L Estates, 186 Misc 141).
It is clear that in order for the plaintiff to effect an acceleration of the total balance owing, notice of its intention to do so was a prerequisite to its acceptance of the two checks previously mentioned. As of December 3, 1980, there had been no indication that the bank had elected to accelerate the requirement of payment when it accepted the check. In taking the money on December 3, 1980 in payment of the September and October mortgage installments, they waived their right to claim a default for those months. The check of December 16, 1980 was delivered on December 10,1980. This action was commenced on December 10,1980. Although the check was postdated, it was still in the nature of a promise to discharge a personal obligation at a future date (Azzarello v Richards, 198 Misc 723; 41 NY Jur, Negotiable Instruments, § 18). The implication of giving a postdated check is that the maker does not then have sufficient funds on deposit (People v Mazeloff, 229 App Div 451).
Under section 3-802 (subd [1], par [b]) of the Uniform Commercial Code, it is provided that where an instrument is taken for an underlying obligation, the obligation is suspended pro tanto until the instrument is due. The official comments under that section state that the taking of an instrument under these circumstances is a surrender of the right to sue on the obligation until the instrument is due, but if the instrument is not paid on due presentment, the right to sue on the obligation is revived.
It would appear, then, that the acceptance by the bank of the December 16, 1980 check on December 10, 1980 did constitute a surrender on the part of the bank of its right to sue on the obligation. There is nothing before the court to indicate that this draft was not paid upon presentment. It must therefore be concluded that payment *46 of the November and December installments on the mortgage was effected.
There could be an extremely fine question as to whether the summons and complaint were served on December 10, 1980 before the draft was delivered on that same date. If such were the case, it could perhaps be argued that the mortgagors were notified of the election by the bank to accelerate, before the check was delivered. The potential for uncertainty of precise resolution and the proximity of time within which these two events occurred compel the court, in the pursuit of equitable principles, to conclude that fairness and justice would not be served by litigation to determine such a question.
The motion for summary judgment is denied and summary judgment in favor of the defendants, Patón, is hereby granted pursuant to CPLR 3212 (subd [b]).