# (September 27, 1982)

■ BEYER BROS. OF LONG ISLAND CORP., Respondent, v PETER KOWALEVICH, JR., Individually and Doing Business as K. O. V. INSTALLERS, Defendant, and PETER KOWALEVICH, SR., et al., Appellants. — In an action, *inter alia,* on a guarantee, submitted upon an agreed statement of facts, defendants Peter Kowalevich, Sr., and Rosemarie Kowalevich appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Suffolk County (Wager, J.), entered August 17, 1981, as ordered them to pay to plaintiff the sum of $6,057, with costs and interest. Judgment reversed insofar as appealed from, on the law, without costs or disbursements, the second decretal paragraph is deleted, and the complaint is dismissed as against appellants. The parties submitted the case on an agreed statement of facts, which essentially contained the following: Defendant Peter Kowalevich, Jr. (hereinafter Junior), doing business as K. O. V. Installers, was, on April 13, 1978, indebted to the plaintiff in the amount of $6,057. On April 13, 1978, his parents, the appellants, in writing, guaranteed payment of the account due as of that date. Thereafter, the plaintiff sold Junior additional merchandise in the amount of $13,503 and received payments totaling $9,750. Junior acknowledges that he is indebted to plaintiff in the amount of $9,810. Judgment was, therefore, properly entered in favor of the plaintiff and against Junior in the principal amount of $9,810. The issue at bar is based on the plaintiff's fourth cause of action, which is against appellants as guarantors of Junior's account. On the basis of "equity and justice", Trial Term rejected appellants' argument that the debt guaranteed by them had been satisfied since Junior had paid more than the amount guaranteed and the paid funds should have been applied to the guaranteed amount first. Trial Term was in error. As a general rule, the debtor has the right to specify to which debt he wishes a payment to be applied. In the absence of such a designation, the creditor may make it. When neither the debtor nor the

creditor makes such an application, the court will make it as equity and justice require (see *Camp v Smith*, 136 NY 187, 201), and, usually, the funds will be applied to the debts in the order of time in which they stand in the account (see *Carson v Federal Reserve Bank of N. Y.*, 254 NY 218, 232; *Foss v Riordan*, 84 NYS2d 224, affd 273 App Div 982, mot for lv to app dsmd 298 NY 509). This application by priority of time will only be changed if persuasive reasons exist (see *Carson v Federal Reserve Bank of N. Y.*, *supra*). The guarantee of payment of an amount due on a running account does not qualify as an exception when more than the amount guaranteed has been paid to the creditor. If plaintiff wished to maintain the guarantee it should have applied the payments to the unguaranteed debt. The guaranteed debt being the first in time should be retired first. Therefore, the judgment against appellants must be reversed and the cause of action based on the guarantee must be dismissed. Thompson, J. P., Bracken, Rubin and Boyers, JJ., concur.