■ BANK OF NEW YORK, Respondent, v VICTOR J. CERASARO et al., Appellants, et al., Defendant. — Appeal from an order and judgment of the Supreme Court at Special Term (Zeller, J.), entered April 25, 1983 in Broome County, which granted plaintiff's motion for summary judgment to foreclose on a mortgage. This action is to foreclose the collateral security mortgage on the individual residence of defendant Victor J. Cerasaro. Plaintiff bank loaned Cerasaro and his business partner, Kenneth Cohn, $225,000 to finance the building of a restaurant. They signed a note for that amount dated July 30, 1979 bearing interest at 11% which was payable in seven years. At the same time Cerasaro executed a $70,000 second mortgage, the subject of this foreclosure, on his home to secure the obligation. Another note was executed by the business partners and their wives in January, 1980 for $255,000 at 12½% interest. In September, 1980, a further note was signed by the four for

$255,000 at 12% interest and payable on demand. On the reverse side of this latter note was a reference to the second mortgage, although the reverse side was not signed and did not describe the mortgaged property except by street address. The instant action was commenced based on an alleged default of the September, 1980 note. Cerasaro and his wife are the defendants in the action along with Anthony J. Cerasaro, alleged by plaintiff to have claimed some interest in the mortgaged property.[*] Defendants by answer contended that the July, 1979 note was paid and that the September, 1980 note was a new indebtedness secured without the mortgage on the individual residence. On plaintiff's motion for summary judgment, Special Term found that the "origi-. nal note was paid — it was discharged, and the new note was secured by reference to the original collateral". Special Term also determined that plaintiff was entitled to summary judgment for $70,000 including interest plus legal fees, and directed the property be sold and defendants held liable for the deficiency of $255,000 less the proceeds of the sale. This appeal by defendants ensued. Initially, defendants contend that the original note of July, 1979 was extinguished by the subsequent notes and that the mortgage was not revived by the collateral references in the September, 1980 note. It is well established that a subsequent note does not discharge the original indebtedness secured unless there is an express agreement between the parties (*Winsted Bank v Webb,* 39 NY 325, 332; *Bates v Rosekrans,* 37 NY 409, 410), nor does it lessen or enhance a mortgagee's lien (*Dominion Fin. Corp. v 275 Washington St. Corp.,* 64 Misc 2d 1044, 1046). Since a mortgage is simply a lien to secure the debt, if the original note was discharged, as urged by defendants, the lien was, *ipso facto,* discharged and the mortgage extinguished (*Bogert v Bliss,* 148 NY 194, 198). Considering the record in its entirety, we are unable to conclude that the parties intended to extinguish the 1979 mortgage. While the subsequent notes differ from the original note in both time of payment and interest charged, there is a lack of proof that the parties intended to extinguish the 1979 note by the execution of the later notes. The debt was a continuing one for the financing of the construction of the restaurant. There was a continuity in the various transactions. Plaintiff bank retained the mortgage in its files and the September, 1980 note listed the 1979 mortgage premises as collateral. Furthermore, plaintiff never marked the original note paid. Under the circumstances, such actions on the part of the parties evidence an intent to keep the original debt and mortgage alive. In addition, there is a strong presumption against an intent that the subsequent note was for payment (*Skaneateles Sav. Bank v Herold,* 50 AD2d 85, 88, affd 40 NY2d 999). The subsequent notes, however, do not in any way enhance plaintiff's lien (see *Dominion Fin. Corp. v 275 Washington St. Corp.,* 64 Misc 2d 1044, 1046, *supra*). Consequently, plaintiff can only foreclose on Victor Cerasaro's interest in the residence in question and not the wife's since she did not sign either the original note or the mortgage. Neither can the foreclosure exceed the sum of $70,000, the limita- · tion contained in the mortgage (see *Telmark, Inc. v National Commercial Bank & Trust Co.,* 73 AD2d 777, 778). Therefore, Special Term erred in granting summary judgment for interest and attorney's fees since such would exceed the amount of the mortgage lien. While we agree with Special Term that the subsequent note of September, 1980 did not discharge the earlier mortgage, we disagree with the conclusion that the lien could be foreclosed and the property sold to satisfy the mortgage lien. Whether the mortgage is a lien to secure the July, 1979 or September, 1980 note, it was error to grant summary judgment since there was no proof in the record that either note was in default. Defendant Victor Cerasaro's answer denies a default. The burden, therefore, was on plaintiff to prove one, and the affidavit in support of the motion for summary judgment alleges only that the September, 1980 note was in default. The terms of this demand note specifically state that plaintiff is to give notice

* Anthony J. Cerasaro submitted a notice of appearance which waived all notice in the action except for notice of sale and surplus moneys proceeding. Reference to "defendants" hereafter thus refers only to Victor J. Cerasaro and his wife Lynn Cerasaro.

of the demand for payment and the manner of doing so. Plaintiff's papers are devoid of any proof that a proper demand for payment was made. Therefore, on this record, summary judgment was improper (22 NY Jur 2d, Contracts, § 283, pp 148-150). There must be a reversal. Order and judgment reversed, on the law, with costs, and motion denied. Mahoney, P. J., Sweeney, Main, Mikoll and Yesawich, Jr., JJ., concur.