# Home & City Savings Bank, Appellant, v John Bilinski et al., Respondents, et al., Defendants.

Third Department, February 27, 1992

74

**APPEARANCES OF COUNSEL**

*Roemer & Featherstonhaugh, P. C. (Michael J. Smith* of counsel), for appellant.

*Tabner & Laudato (David S. MacKay* of counsel), for John Bilinski and another, respondents.

**OPINION OF THE COURT**

MAHONEY, J.

Desirous of assisting their son in his business venture, on May 16, 1985 defendants John Bilinski and Dorothy M. Bilinski (hereinafter collectively referred to as defendants) executed a $100,000 collateral security mortgage, ostensibly in return for plaintiff's extension of a $100,000 line of credit to the son's corporation, 80 Microcomputer Services Inc. (hereinafter 80 Micro). The mortgage document contained the standard future advance clause, i.e., that the mortgage was intended to "secure any more debts now or in the future owed by [defendants] to [plaintiff]". In addition, it specifically provided that "THIS INSTRUMENT IS GIVEN TO SECURE A PROMISSORY NOTE DATED MAY 16, 1985 SIGNED BY 80 MICRO". The promissory note referred to in the mortgage document was a 60-day note executed that same day by 80 Micro in the amount of $25,000.

In the ensuing year, 80 Micro renewed the $25,000 note several times and plaintiff advanced 80 Micro an additional $40,000 in three separate notes which were subscribed to only by 80 Micro. On May 7, 1986, apparently in an effort to consolidate the four then-outstanding loans, 80 Micro executed a 60-month note in the amount of $65,000 (the total principal

amount apparently outstanding). Several years later, 80 Micro borrowed an additional $30,000. Upon 80 Micro's failure to completely pay off the $65,000 and the $30,000 notes when they became due, plaintiff, in an effort to recover the remaining principal plus accrued interest, commenced the instant action to foreclose defendants' mortgage. Concluding that the mortgage at issue secured only the initial 60-day $25,000 corporate note signed by 80 Micro contemporaneously with defendants' execution of the mortgage, and that said note had been fully satisfied, either by cash payment or by its subsequent renewals, Supreme Court granted defendants' motion for summary judgment dismissing the complaint against them. This appeal by plaintiff followed.

■ We agree with Supreme Court's conclusion that the mortgage secured only the initial $25,000 note. Notwithstanding the recitation contained in the mortgage that it was given as security for $100,000, the last clause contained in the mortgage agreement makes clear that the subject mortgage "[WAS] GIVEN TO SECURE A PROMISSORY NOTE DATED MAY 16, 1985 SIGNED BY 80 MICRO", i.e., $25,000. The subsequent $70,000 advanced by plaintiff to 80 Micro, which was not included within the ambit of this clause and does not constitute moneys advanced by plaintiff *to defendants* so as to fall within the future advance clause of the mortgage document, is not similarly secured. While the parties' intent may have been to establish an open-ended line of credit in the amount of $100,000 for their son's business, the terms of the mortgage document are clear from the face thereof and parol evidence is not admissible to contradict the plain terms of the writing. Accordingly, it is only the status of the $25,000 debt that concerns us here.

■ In this regard, however, we disagree with Supreme Court's conclusion that 80 Micro's subsequent renewals of the $25,000 May 16, 1985 note and ultimate consolidation of it with other loans operated to discharge the original note and thus to extinguish the mortgage. It is well established that the execution of a subsequent note does not discharge the original debt secured unless there is an express agreement between the parties *(see, e.g., Bank of New York v Cerasaro,* 98 AD2d 902; *Garfield Natl. Bank v Wallach,* 223 App Div 303). The fact that in this case the maker of the notes (80 Micro) and the mortgagor (defendants) were not one in the same does not, in our view, render this well-established line of case authority somehow inapplicable *(cf., Garfield Natl. Bank v Wallach,*

*supra).* This is especially so where, as here, the mortgage instrument is silent as to the duration the collateral will stand as security for the loan. Inasmuch as defendants have failed to adduce any evidence in support of their motion for summary judgment that it was the intent of plaintiff and 80 Micro to accept any of the new notes in payment for the old note, Supreme Court's award of summary judgment on this basis was error. Even assuming, arguendo, that the May 16, 1985 note was, upon renewal, surrendered by plaintiff to 80 Micro or to defendants and/or marked "paid", such is insufficient without more to indicate, as a matter of law, that the new note was accepted in payment for the old note *(supra,* at 306).

This conclusion renders it necessary to address the merits of Supreme Court's "alternate" basis for its grant of defendants' motion, to wit, that the $25,000 debt at issue was fully satisfied by actual cash payment. While unclear from a reading of the decision, inasmuch as there is no affirmative evidence in the record from which it can be said that the $25,000 loan was actually repaid in cash, it appears that this conclusion has its basis in the fact that as of January 1, 1990 the principal balance due on the consolidated $65,000 loan was approximately $20,500, thus indicating that almost $45,000 had been paid, an amount which subsumed the $25,000 loan at issue herein. The validity of this conclusion turns upon the manner, if any, in which the payments made on the consolidated $65,000 loan were to be applied.

It has long been recognized that, in situations such as the one herein involving a debt composed of several items, a debtor can direct to which item of debt a voluntary payment made by him is to be applied *(see, e.g., Snide v Larrow,* 62 NY2d 633; *Beyer Bros. of Long Is. Corp. v Kowalevich,* 89 AD2d 1005; *Shahmoon Indus. v Peerless Ins. Co.,* 16 AD2d 716; *Central Natl. Bank v Paton,* 109 Misc 2d 42). Absent such a direction, the creditor may make application as it sees fit and to its best advantage *(supra).* Whether such application was directed by the debtor or imposed unilaterally by the creditor generally present questions of fact. Only if the evidence reveals a lack of direction by either party is the court to determine the proper application " 'as equity and justice require' " *(Galyn v Schwartz,* 77 AD2d 437, 441, *mod* 56 NY2d 969, quoting *Bank of Cal. v Webb,* 94 NY 467, 472). While, under the circumstances herein, the application question was placed in issue by defendants' contention in their reply papers

that the $25,000 loan had been paid, it apparently was not perceived as such. Accordingly, the parties did not address and Supreme Court did not decide whether an application was in fact directed by 80 Micro or made by plaintiff (in the absence of a specific direction). Resolution of this issue is necessary before the court can impose an application of the payments upon the parties. Inasmuch as Supreme Court's determination that the loan was actually paid amounted, in practical effect, to a court-imposed application made without first determining the intent (if any) of the debtor and the policies of the creditor, we believe that the court's conclusion is erroneous as a matter of law.*

WEISS, P. J., LEVINE and MERCURE, JJ., concur.

Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted the motion of defendants John Bilinski and Dorothy M. Bilinski for summary judgment dismissing the complaint against them regarding the first $25,000 of plaintiff's claim; said motion denied to that extent, without prejudice; and, as so modified, affirmed.

---

* In support of their argument that the $25,000 loan was paid, defendants, in their brief, rely on the "first in, first out" doctrine. Since this doctrine as such appears confined to bank accounts, Totten trust accounts and other depositary accounts, the instant case is more properly analyzed under application of payment principles. While, concededly, in the absence of an election by the parties regarding application of payments on this loan, usually "the funds will be applied to the debts in the order of time in which they stand in the account" (Beyer Bros. of Long Is. Corp. v Kowalevich, 89 AD2d 1005, 1006, supra), resulting in the same net effect as the "first in, first out" doctrine, there are practical and theoretical distinctions in the application of the two doctrines.