■ Esco Credit Corp., Respondent, v Michael Diamantis et al., Appellants, et al., Defendants.—In an action, *inter alia,* to foreclose a mortgage, the defendants Michael Diamantis and Barbara Andreadis appeal from an order of the Supreme Court, Queens County (Hentel, J.), dated September 27, 1990, which, *inter alia,* denied Barbara Andreadis's motion to compel specific enforcement of a stipulation pursuant to which the instant foreclosure action would allegedly be precluded.

Ordered that the order is affirmed, without costs or disbursements.

The appellant second mortgagee, Barbara Andreadis was neither a party to, nor a third-party beneficiary of, the stipulation between the first mortgagee Esco Credit Corp. (hereinafter Esco), and the mortgagor Michael Diamantis, which consolidated three mortgages held by Esco. Accordingly, she has no right to seek specific enforcement of the stipulation since she was a stranger to it and the stipulation did not affect her rights as a second mortgagee *(see, Flemington Natl. Bank & Trust Co. v Domler Leasing Corp.,* 65 AD2d 29, *affd* 48 NY2d 678; *see also,* 22 NY Jur 2d, Contracts, § 271). In any event, the stipulation, which merely consolidated into a single $180,000 mortgage the three prior mortgages on which the mortgagor Michael Diamantis was in default and which provided further security in the form of a deed in lieu of foreclosure to be held in escrow, did not satisfy and discharge Esco's three underlying senior mortgages, nor did the stipulation enhance the appellant Andreadis's lien to a position superior to that of the consolidated $180,000 mortgage *(see, Bank of N. Y. v Cerasaro,* 98 AD2d 902; *Skaneateles Sav. Bank v Herold,* 50 AD2d 85, *affd* 40 NY2d 999). Thus, foreclosure is not precluded in light of Diamantis's most recent default in repayment in breach of the terms of the stipulation.

We have examined the remaining contentions and find them to be without merit. Sullivan, J. P., Miller, Ritter and Pizzuto, JJ., concur.