■ HOME & CITY SAVINGS BANK, Appellant, v AUGUSTINE J. SPERRAZZA, JR., et al., Respondents, et al., Defendants. [612 NYS2d 259] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Kahn, J.), entered July 21, 1993 in Albany County, which, upon reconsideration, denied plaintiff's motion for summary judgment.

On September 4, 1985, defendant Augustine J. Sperrazza, Jr. (hereinafter Sperrazza) and his wife, defendant Eugenia M. Sperrazza, executed and delivered to plaintiff a mortgage on their personal residence, which was to serve as security for a short-term, $300,000 loan made to Kubar Bearings, Inc., of which Sperrazza was the chief executive officer. The loan was intended to provide interim financing for Kubar's operations until the proceeds of a $500,000 loan, previously authorized by the United States Small Business Administration (hereinafter SBA), became available.

On September 20, 1985, the SBA loan was closed, and plaintiff's internal memoranda indicate that at that time $300,000 of the $500,000 was used to pay the "interim loan" and another $54,000 was advanced to Kubar to purchase equipment. There is no evidence that the mortgage was discharged, and a handwritten modification to the SBA loan agreement, initialed by Kubar's vice-president, listed "a second mortgage of $300,000" on the Sperrazzas' residence as collateral for that loan.

Kubar subsequently defaulted on the SBA loan and plaintiff brought this action to foreclose on the mortgage. After issue was joined, plaintiff moved for summary judgment. Opposing the motion, the Sperrazzas argued that the mortgage was not intended to serve as collateral for the SBA loan but was given only as security for the $300,000 "bridge" loan, which had been paid in full from the SBA loan proceeds. Supreme Court first granted plaintiff's motion, but, upon reargument, found summary judgment inappropriate. Plaintiff appeals.

Preliminarily, we note that Supreme Court, having recognized that it had initially misapprehended certain evidentiary facts, particularly those which raise a question as to whether the initial $300,000 debt was actually satisfied and whether the Sperrazzas ever consented to the continued use of their mortgage as security for the SBA loan, properly granted reargument (see, Foley v Roche, 68 AD2d 558, 567).

It is undeniable that absent an express agreement to the

contrary, the mere execution of a subsequent note, without more, does not discharge a previous debt or release the collateral held as security therefor (see, Home & City Sav. Bank v Bilinski, 177 AD2d 73, 75; Bank of N. Y. v Cerasaro, 98 AD2d 902, 903). Where, however, there has been actual payment or the debt has, in fact, been retired, a mortgage given as security for that debt is extinguished (see, Bank of N. Y. v Cerasaro, supra, at 903).

In support of their claim that the original $300,000 debt was paid, the Sperrazzas submitted not only Sperrazza's sworn testimony to that effect but also the documents executed when that debt was incurred, both of which indicate that the parties intended that the mortgage was to secure only the bridge loan, with the SBA loan to be secured by different collateral. The Sperrazzas also submitted plaintiff's internal memoranda, noting, as of the time the SBA loan was closed, that the "$300,000 interim loan" had been "paid" from the advance made on the SBA loan. This evidence is sufficient to raise a question of fact as to whether the debt was, indeed, discharged —and the mortgage consequently extinguished—when the SBA loan was closed and, accordingly, is sufficient to rebut plaintiff's prima facie showing of its entitlement to foreclosure.

Moreover, as the Sperrazzas point out, neither of them initialed or signed the SBA loan agreement or the handwritten change to that agreement, which substituted the mortgage on their home for the first mortgage on Kubar's property originally intended to serve as security. This raises a further question with regard to whether the Sperrazzas authorized the change or in fact ever agreed that the mortgage would not be extinguished when the "bridge" loan, for which it was originally given, was paid. In view of these disputed facts, we are of the view that Supreme Court properly denied plaintiff's motion for summary judgment.

Mikoll, J. P., and Crew III, J., concur.

Mercure, J. (dissenting). Because we conclude that Supreme Court was correct in the first instance when it granted plaintiff's motion for summary judgment and erred in its subsequent grant of reargument and denial of the summary judgment motion, we would reverse. As acknowledged by the majority, it is well-settled law that, in the absence of an express agreement between the parties, the execution of a subsequent note does not discharge the original debt or the security therefor (see, Home & City Sav. Bank v Bilinski, 177 AD2d 73; Bank of N. Y. v Cerasaro, 98 AD2d 902). In our

view, defendants Augustine J. Sperrazza, Jr. and Eugenia M. Sperrazza failed to oppose the motion with competent proof of any such agreement. Instead, they have merely pointed to notations in loan documents and memoranda suggesting, at most, the possibility of an original intent that the mortgage be released as security at the time of closing on the SBA loan. This showing not only fails to satisfy the requirement of an express agreement, but is persuasively contradicted by other writings showing a clear intent on plaintiff's part to release the mortgage only at a future time when Kubar Bearings, Inc. had purchased and granted plaintiff a security interest in machinery, equipment, fixtures and furniture of equal value. Further, the September 4, 1985 note was not marked "paid" or returned to the Sperrazzas and the mortgage was not discharged. Under the circumstances, the Sperrazzas have failed to raise a legitimate factual issue barring the grant of summary judgment (see, supra).

White, J., concurs. Ordered that the order is affirmed, with one bill of costs.