■ JAY O. BECHARD, Appellant, v MONTY's BAY RECREATION, INC., Respondent. [826 NYS2d 826]—

Rose, J. Appeal from an order of the Supreme Court (Dawson, J.), entered October 14, 2005 in Clinton County, which, upon reargument, adhered to a prior order denying plaintiff's motion for summary judgment in lieu of a complaint.

On January 1, 2001, defendant issued a promissory note to plaintiff payable one year later. When defendant failed to pay, plaintiff commenced this action by a motion for summary judgment in lieu of complaint. Defendant opposed the motion, raising the defense of economic duress. Among other things, defendant argued that, despite having obligated himself to execute a personal guaranty of a mortgage loan to defendant, plaintiff had wrongfully threatened to withhold his execution of the guaranty in order to compel defendant to issue the promissory note. Supreme Court denied plaintiff's motion on the ground that defendant had raised factual issues regarding this defense.

Plaintiff then moved for reargument, asserting that the court had overlooked the fact that his agreement to execute the guaranty, as made evident by the mortgage commitment letter submitted by defendant, had expired by its own terms prior to issuance of the promissory note. Defendant again opposed the motion and submitted two more recent commitment letters, both dated January 5, 2001 and signed by plaintiff on January 8, 2001, also requiring plaintiff to give his personal guaranty. Supreme Court granted reargument, but adhered to its original determination denying plaintiff's motion because it concluded that plaintiff's obligation to execute the guaranty existed when the note was issued. Plaintiff now appeals.

We need not address plaintiff's argument that defendant should have been precluded from submitting the two more recent commitment letters upon reargument because neither of the submitted letters supports Supreme Court's denial of plaintiff's motion for summary judgment. "The existence of economic duress is demonstrated by proof that one party to a contract has threatened to breach the agreement by withholding performance unless the other party agrees to some further demand" (*805 Third Ave. Co. v M.W. Realty Assoc.*, 58 NY2d 447, 451 [1983] [citation omitted]). Conversely, "a party cannot be guilty of economic duress for refusing to do that which he or she is not legally required to do" (*Friends Lbr. v Cornell Dev. Corp.*, 243 AD2d 886, 888 [1997]; *see Lyons v Lyons*, 289 AD2d 902, 904 [2001], *lv denied* 98 NY2d 601 [2002]). Here, the original commitment letter had expired prior to the issuance of the promissory note, neither subsequent letter reflects an intent to retroactively extend or replace the original commitment and both of the subsequent letters clearly are dated and signed by plaintiff after the date of the promissory note. Thus, at the time that plaintiff insisted upon defendant's execution of the promissory note, he was under no legal duty to execute a personal guaranty (*see e.g. Steen v Bump*, 233 AD2d 583, 585 [1996], *lv denied* 89 NY2d 808 [1997]). Inasmuch as defendant failed to raise a material question of fact as to its defense of duress, plaintiff's motion should have been granted.

Peters, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the order is modified, on the law, with costs to plaintiff, by reversing so much thereof as denied plaintiff's motion for summary judgment; motion granted; and, as so modified, affirmed.