■ Dennis P. Raico, Respondent, v Concorde Funding Group et al., Appellants. [875 NYS2d 251]—

In an action, inter alia, to recover on two promissory notes, the defendants appeal from so much of an order of the Supreme Court, Nassau County (Austin, J.), dated March 24, 2008, as granted those branches of the plaintiff's motion which were for summary judgment on the first, second, third, and fourth causes of action against the defendant Ernest E. Craumer and to dismiss the first counterclaim asserted by the defendant Ernest E. Craumer.

Ordered that the appeal by the defendant Concorde Funding Group is dismissed, as that defendant is not aggrieved by the order appealed from (see CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as appealed from by the defendant Ernest E. Craumer; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

In March 2005 the defendant Ernest E. Craumer, the chief executive officer of the defendant Concorde Funding Group (hereinafter Concorde), gave the plaintiff a promissory note (hereinafter note) in the amount of $150,000 which was due and payable when Concorde obtained an operating line of credit from a bank or one year after the date of the note, whichever occurred sooner. In June 2005 Craumer gave the plaintiff a second note in the amount of $325,000 which was also due upon the execution of an operating line of credit or one year after the date of the note, whichever occurred sooner. Both notes were signed by Craumer on a line appearing above his name, while a line above Concorde's name remained blank.

Craumer defaulted on the notes, and the plaintiff commenced this action against Craumer and Concorde, inter alia, to recover the amount due on the notes, plus attorneys' fees. Craumer and Concorde each asserted a counterclaim, one of which sought to recover from the plaintiff his alleged share of capital contributions to Concorde that Craumer had advanced. The plaintiff moved for summary judgment on the complaint and dismissing the counterclaims. In opposition to the motion, the defendants submitted, inter alia, two "superseding notes," which were executed by Craumer in his capacity as a representative of Concorde. The "superseding notes," one dated one day after the March 2005 note, and the other dated 10 days after the June 2005 note, each provided that the amounts owed thereunder were "due and payable upon the execution and closing of the operating line of credit for [Concorde]." The Supreme Court granted those branches of the plaintiff's motion which were for summary judgment on the first, second, third, and fourth causes of action seeking recovery on the notes and attorneys' fees from Craumer and dismissing the first counterclaim asserted by

Craumer for an additional capital contribution from the plaintiff.

The plaintiff established his prima facie entitlement to judgment as a matter of law on his causes of action seeking recovery from Craumer on the notes by proving the existence of the original notes executed by Craumer and Craumer's failure to make payment in accordance with their terms (*see Levien v Allen,* 52 AD3d 578 [2008]; *Quest Commercial, LLC v Rovner,* 35 AD3d 576 [2006]; *Constructamax, Inc. v CBA Assoc.,* 294 AD2d 460 [2002]; *Colonial Commercial Corp. v Breskel Assoc.,* 238 AD2d 539 [1997]). In opposition, Craumer failed to raise a triable issue of fact. Contrary to Craumer's contention, the original notes were not superseded or replaced by the "superseding notes," which required repayment only when (and if) Concorde obtained an operating line of credit. A subsequent note "does not discharge the original indebtedness in the absence of an express agreement between the parties" (*Federal Natl. Mtge. Assn. v McAuliffe,* 226 AD2d 497, 498 [1996]; *see Home & City Sav. Bank v Sperrazza,* 204 AD2d 836, 836-837 [1994]; *Skaneateles Sav. Bank v Herold,* 50 AD2d 85, 88-89 [1975], *affd* 40 NY2d 999 [1976]). Although the "superseding notes" each contained a provision reciting that they "super[s]ede[d] all other prior agreements and understandings" between the parties, the "superseding notes" were not signed by the plaintiff. Nor does the record contain any other evidence of an express agreement with the plaintiff that the "superseding notes" were to replace the original notes or that they would discharge the debt evidenced by the original notes. Moreover, Craumer failed to raise triable issues of fact as to whether he was personally liable on the notes, and whether the funds referred to in the notes were advanced by the plaintiff as part of an agreement to make capital contributions to Concorde, as opposed to loans to Craumer.

Craumer's remaining contentions are without merit. Prudenti, P.J., Spolzino, Ritter and Santucci, JJ., concur. [*See* 2008 NY Slip Op 30968(U).]