OPINION OF THE COURT
Emily Pines, J.
*972 Ordered, plaintiffs request for a default judgment against the defendant Mortgage Zone, Inc. is granted without opposition; and it is further ordered, plaintiffs request for summary judgment against the defendant Ideal Mortgage Bankers Ltd. is granted.
Plaintiff, 360 Motor Parkway, LLC, seeks a default judgment on liability, pursuant to CPLR 3215 (a) as against the defendant Mortgage Zone, Inc., and summary judgment pursuant to CPLR 3212 as against defendant Ideal Mortgage Bankers Ltd., doing business as Lend America (hereinafter Ideal Mortgage), for liability under a lease agreement, sublease agreement and letter agreement.
This dispute arises out of a lease agreement between the plaintiff Parkway, as landlord, against a former commercial tenant and subtenant. Specifically, the action arises out of an alleged breach of a written lease agreement, entered into on or about June 28, 2006 by tenant Mortgage Zone. On or about this date Mortgage Zone contracted for the entire rental space of a building located at 360 Motor Parkway. The lease agreement was to have duration of 10 years and 6 months, the term of which was to expire on April 30th, 2017. Article 31 of the lease provides:
“(i) Tenant shall pay to Landlord all Rent, additional rent and other charges payable under this lease by Tenant to Landlord to date upon which lease and the Demised Term shall expire . . .
“(ii) Tenant shall also be liable for and shall pay to Landlord, as damages, any deficiency . . . between the Rent and additional rent reserved in this lease for the period which otherwise would have constituted the unexpired portion of the Demised Term.”
Additionally, article 32 provides:
“Sums Due Landlord. . . . [I]f Landlord is compelled to or elects to [incur] expense, including reasonable attorney fees, instituting, prosecuting and/or defending any action or proceeding instituted be reason of any default of Tenant hereunder, the sum or sums so paid by Landlord, with all interest, costs and damages, shall be deemed to be additional rent here under and shall be due from Tenant to Landlord.”
The terms of the agreement clearly provide in the event of a default by the tenant, such tenant would remain liable for the
*973 rental balance owed, along with interest on that balance, reasonable attorneys fees and expenses incurred as a result of tenant’s default. Additionally, under article 49 of the lease, Mortgage Zone:
£ £ [simultaneously with the execution of [the] lease . . . delivered to Landlord an unconditional, irrevocable, stand-by letter of credit... in the amount of $850,000 to serve as security for the [full] and faithful performance and observance by Tenant of all of the terms and conditions, covenants and agreements of this lease.”
Plaintiff claims at the time this action commenced, the rental balance owed to plaintiff amounted to more than $1,094,350.23. It remains uncontested that the letter of credit posted by Mortgage Zone will be insufficient to cover the plaintiffs damages by more than $200,000.
In the years to follow Mortgage Zone sublet the entire premises to Ideal Mortgage. The sublease provided under article 4, “[Ideal Mortgage] shall pay to [Mortgage Zone] rent equivalent to the amount of base rent and additional rent to be paid by [Mortgage Zone] to the Landlord under the terms of the Lease.” Additionally, as a condition of the sublease, all parties (Parkway, Mortgage Zone, and Ideal Mortgage), entered into a letter agreement dated February 7, 2008 agreeing to the following:
“It is expressly agreed and acknowledged by Tenant and Subtenant that Subtenant shall assume all obligations of Tenant under the Overlease as such obligations affect the Subleased Premises. Such parties further expressly agree and acknowledge that the Sublease, and Landlord’s consent thereto, shall in no way be deemed to release Tenant of any obligations under the Overlease.”
Ideal Mortgage, through the sublease and letter agreement, agreed to assume the obligations of the original lease. In the event of a default, Ideal Mortgage agreed to remain liable for the rental balance, reasonable attorneys fees and expenses incurred due to its default. However, the sublease gave Ideal Mortgage the right of termination, with 30-days notice, if an employment relationship between Ideal Mortgage and the branch manager of the building was terminated. Such condition occurred and the right of termination was exercised through a letter dated April 21, 2008, terminating the sublease as of May 31, 2008. Ideal Mortgage does not dispute that it has failed to
*974 pay the sum of $99,171.74 for the May 2008 rent or that the terms of the lease and sublease make it directly liable for any unpaid rent.
The plaintiff asserts that Mortgage Zone has defaulted on its obligation to pay the monthly rent indicated by the lease and as such, a default judgment should be granted against liability for such breach with interest, expenses incurred and reasonable attorneys fees. Further, plaintiff states that despite reasonable efforts to rent the premises it has been unable to do so and in turn has suffered damages in the amount of $1,094,350.23. Additionally, Mortgage Zone argues that summary judgment be granted against subtenant, Ideal Mortgage due to its assumption of the original lease. Specifically, Mortgage Zone asserts it is entitled to the unpaid May 2008 rent, in the amount of $99,171.74, plus reasonable attorneys fees and costs incurred in bringing this action.
Defendant Mortgage Zone has failed to appear in this action. In defense to its failure to pay May 2008 rent, defendant Ideal Mortgage argues that such sum has already been satisfied by the letter of credit posted by Mortgage Zone as original tenant under the lease. Additionally, Ideal Mortgage asserts that the language of the lease requires that the letter of credit posted by Mortgage Zone, when drawn upon, must be used to satisfy existing debts before being applied to future injuries of the landlord. As a result, Ideal Mortgage urges the court that the May 2008 debt has been satisfied and plaintiff is not entitled to a windfall judgment. Ideal Mortgage further asserts that additional discovery is needed to ascertain how the plaintiff applied the proceeds of the letter of credit to its damages.
Under CPLR 3215 (a) when a defendant has failed to appear or submit an answer plaintiff may move for the entry of a default judgment. It is uncontradicted that plaintiff served defendant Mortgage Zone pursuant to Business Corporation Law § 306, and that service was complete when plaintiff provided an authorized agent of the Secretary of the State of New York with a copy of the summons and complaint on June 16, 2008. Since service was accomplished under Business Corporation Law § 306, defendant Mortgage Zone had 30 days to appear in this action (CPLR 320) and has failed to do so.
It remains uncontested that Mortgage Zone agreed to remain liable for the rent due under the lease, that it defaulted under such agreement and that plaintiff has suffered damages for loss of rent totaling $1,094,350.53. For the foregoing reasons this *975 court grants the plaintiffs request for a default judgment on liability against defendant Mortgage Zone and sets this matter down for an inquest to determine the exact measure of damages as provided under the lease on Wednesday, October 7, 2009 at 9:30 a.m.
In addition, plaintiff is seeking a summary judgment against the subtenant, Ideal Mortgage, for nonpayment of rent for the month of May, amounting to $99,171.74 plus interest and reasonable attorneys fees. It is well settled that in order to obtain a summary judgment, the moving party must make a prima facie showing of entitlement to judgment as a matter of law, offering sufficient evidence to demonstrate the absence of any material issues of fact. (Goldberger v Brick & Ballerstein, 217 AD2d 682 [2d Dept 1995].) Then, the burden shifts to the opposing party to come forward and show there are genuine issues of material fact that will preclude the granting of summary judgment. (Zayas v Half Hollow Hills Cent. School Dist., 226 AD2d 713 [2d Dept 1996].)
In the case at bar, the lease, sublease and letter agreement expressly dictate to defendant, Ideal Mortgage, all obligations owed under such agreements. Ideal Mortgage, as the subtenant, and through explicit language, agreed to assume all obligations under the original lease and in the event of a default to make itself liable for unpaid rent, interest, reasonable attorneys fees and costs in bringing a claim.
Ideal Mortgage asserts that because plaintiff, Parkway, drew down on the letter of credit posted by the original tenant in the amount of $675,000, Ideal Mortgage should be released of any obligations for payment of unpaid rent. Specifically, Ideal Mortgage alleges the lease agreement requires plaintiff “to apply proceeds to: (a) any sums for which [Mortgage Zone] is currently in default; or (b) reimbursement of expenses plaintiff incurred or will occur,” requiring the plaintiff to apply the proceeds of the letter of credit to Ideal Mortgage’s own default.
The court finds however that the position taken by the defendant, Ideal Mortgage, is unfounded. The defendant points the court specifically to the following passage in article 40 (c) of the lease agreement:
“In the event Tenant defaults in payment of Rent, Additional Rent, or other sums due from Tenant to Landlord under this Lease . . . Landlord may notify the Issuing Bank and thereupon draw upon the Letter of Credit, in whole or in part, at Landlords’s
*976 election, and use, apply or retain the whole part of such monies to the extent required for the payment of sums as to which the Tenant is in default including, without limitation, any damages or deficiencies accrued before or after summary judgment proceedings or other re-entry by the Landlord or for coverage or reimbursement of any sums which Landlord may expend or may be required to expend by reason of such default by Tenant.” (Emphasis added.)
Even when facts are construed most favorably to the defendant, and it is assumed the landlord has drawn down upon the letter of credit, Ideal Mortgage still remains liable for the unpaid May rent. The lease clearly provides the landlord, may, “use, apply or retain . . . such monies to the extent required for the payment of sums . . . the Tenant is in default.” Such language clearly allows landlord to apply the letter of credit in a way most favorable in collecting the total money owed due to the breach of both tenant and subtenant. Specifically, article 49 of the lease states the letter of credit is to be used “to serve as security for the [full] and faithful performance and observance by Tenant of all terms, conditions, covenants and agreements under the lease.” Even when the letter of credit is applied to the unpaid rent a deficiency of more than $200,000 exists.
In support of its position, Ideal Mortgage cites Beyer Bros, of Long Is. Corp. v Kowalevich Jr. (89 AD2d 1005 [2d Dept 1982]), and argues that the general rule for a party receiving funds is to require such party to apply the funding to older debts before newer ones, requiring the landlord to apply the letter of credit to the May rent and not future losses. However, when read in its totality, Beyer Bros, holds that the debtor may dictate how the funding should be applied; when no such expression is given, then the creditor may make such designation; and further, when neither situation is present, the court may make the decision as equity and justice requires. (Beyer Bros., supra, citing Camp v Smith, 136 NY 187 [1892].)
In the case at bar, the original tenant has not made any designation on how to apply the letter of credit. Conversely, the lease agreement authorizes the landlord to make such designation. While the defendant urges the court to view the lease agreement as ambiguous, the court finds no ambiguities to be present. Where the intent of the contracting parties is clear and unambiguous, true effect must be given to the four corners of *977 the document. (Greenfield v Philles Records, 98 NY2d 562 [2002].) In light of the clear and express terms bargained for by the subtenant, no further discovery is required and Ideal Mortgage is bound by the obligations it assumed under article 10 (A) (vi) of the original lease:
“If this lease is assigned, whether or not in violation of the provisions of this lease, Landlord may collect rent from the assignee. If the demised premises or any part thereof is sublet or is used or occupied by anybody other than Tenant, whether or not in violation of this lease, Landlord may, after default by Tenant, and expiration of Tenant’s time to cure such default, collect rent from the Subtenant or occupant.”
Based on the foregoing, the court determines that the letter of credit must be applied in a way most favorable to the plaintiff, to minimize the losses caused by the breaching tenant and subtenant. Ideal Mortgage does not dispute that it has failed to pay the sums owed for the May 2008 rent or that the letter of credit will be insufficient to cover Parkway’s losses, totaling $1,094,350.23. The motion for summary judgment as against defendant Ideal Mortgage is therefore granted.
Counsel shall appear for a hearing on counsel fees and to settle the final amount of the judgment against both defendants on October 7, 2009.