Rose, J.
Appeal from an order of the Supreme Court (Muller, J.), entered January 8, 2014 in Clinton County, which, among other things, granted defendant’s cross motion to dismiss the action.
Defendant issued promissory notes to plaintiff in 1990 and 1991 in the amounts of $3,000 and $10,000, respectively, each payable in one year.* When defendant then issued a note to Key Bank for $330,000 in 1992 (hereinafter the 1992 note), plaintiff executed a standby agreement whereby he agreed to forgo enforcement of his notes until “payment in full of the indebtedness evidenced by the [1992 note].” In 2005, defendant sought additional financing and, because it still owed approximately $169,000 on the 1992 note, it issued a new, consolidated note and entered into a Consolidation, Extension and Modification Agreement (hereinafter CEMA) with Key Bank extending the mortgage securing the 1992 note and consolidating it with two other mortgages.
In 2013, plaintiff commenced this action by filing a motion for summary judgment in lieu of complaint seeking to recover the amounts due under his promissory notes (see CPLR 3213), and defendant cross-moved for, among other things, dismissal of the action as untimely pursuant to CPLR 3211 (a) (5). Supreme Court concluded that, although the standby agreement had tolled the statute of limitations within which to enforce plaintiff’s notes, the 2005 CEMA extinguished the 1992 note and mortgage, thereby releasing plaintiff from his standby agreement and starting the statute of limitations running again. Accordingly, Supreme Court determined that the six-year statute of limitations to enforce plaintiff’s notes had elapsed prior to the commencement of the action (see CPLR 213 [2]). It therefore denied plaintiff’s motion and granted defendant’s cross motion to dismiss. Plaintiff appeals.
We agree with plaintiff that the plain language of the CEMA does not support Supreme Court’s conclusion that the CEMA extinguished the 1992 note and thereby recommenced the running of the statute of limitations. “It is well established that a subsequent note does not discharge the original indebtedness secured unless there is an express agreement between the par *1189 ties” (Bank of New York v Cerasaro, 98 AD2d 902, 903 [1983] [citations omitted]; see Matter of Manufacturers & Traders Trust Co. v Myers, 38 AD3d 965, 965 [2007], lv dismissed 8 NY3d 1019 [2007]; Home & City Sav. Bank v Sperrazza, 204 AD2d 836, 836-837 [1994]). Defendant points to no express agreement and cites no authority supporting its claim that the CEMA operated to extinguish the 1992 note. Rather, the record makes clear that defendant still owed approximately $169,000 on the 1992 note at the time that the CEMA was executed. That debt was consolidated with two other debts into a new note and the mortgage liens were “coordinated, consolidated, combined and extended” to form a single lien. “Where, as here, balances of first mortgage loans are increased with second mortgage loans and CEMAs are executed to consolidate the mortgages into single liens, the first notes and mortgages still exist” (Benson v Deutsche Bank Natl. Trust, Inc., 109 AD3d 495, 498 [2013] [citation omitted]). Accordingly, defendant has failed to establish that the CEMA recommenced the statute of limitations to enforce the notes.
To the extent that defendant argues, in the alternative, that the standby agreement is still in effect and, thus, the action is premature, the record reveals the existence of factual issues precluding a ruling on this issue as a matter of law. Finally, given these issues and the issues raised by defendant with respect to the enforceability of plaintiffs notes, we cannot agree with plaintiffs claim that he is entitled to summary judgment in his favor.
Lahtinen, J.R, McCarthy and Garry, JJ., concur.
Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendant’s cross motion to dismiss on the basis of CPLR 3211 (a) (5); said cross motion denied; and, as so modified, affirmed.

 The parties were previously before this Court in connection with plaintiff’s action to recover on another promissory note from defendant (Bechard v Monty’s Bay Recreation, Inc., 35 AD3d 1131 [2006]).